### 11268.    GRIGGS v. THE STATE.

A conviction of the offense of making intoxicating liquor was not authorized by the evidence in this case, from which it appeared that the accused was discovered at a still where evidently some one had recently been making liquor, and that he had in his hand a cup from which he was drinking, and that when he heard and saw the witnesses he

threw down the cup and started to run, and he did not stop. when told to do so.

DECIDED APRIL 14, 1920.

Indictment for manufacture of liquor; from Jones superior court — Judge Park. December 20, 1919.

*J. B. Jackson,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

BLOODWORTH, J. The evidence in this case shows that certain persons approached what was designated as "the still site," where evidently some one had recently been making liquor. A witness swore: "We stopped, I suppose, about thirty steps from the still. I saw a negro there. He was as close to the still as the edge of that table, walking from me. He had a quart or a half-gallon cup in his hand, and he was drinking something out of the cup. He was walking away from the still and drinking something as he was walking. I suppose he got as far as the back of the courthouse before he recognized me, and I spoke to Mr. Glawson, and says: 'Look there, yonder goes a negro from that still,' and the negro heard me, and threw the cup down and started to run, and I told him to stop, and he didn't, and I shot at him two or three times." Another witness swore: "When I got on the branch I [could?] see that distillery, and saw a man down there. I could not see his head, but I could see his hands and back moving. In a very short time he stepped back and turned his back to me, and reached down on the ground and got a bucket of some description, and went off drinkng out of it. He was right at the furnace. I didn't know it at that time. I saw him as he went away. About the time he peartened up, Mr. Ezell and me hailed him and told him to stop, and about that time I shot. . . This man didn't seem to be excited. He had not seen me. . . I don't know what started him running. He started, I suppose, when Ezell told him to stop." This is all the evidence that in any way connects the defendant with the offense of making liquor, and is not sufficient to authorize his conviction. The most that can be said of it is that it shows "presence" and "flight." In *Griffin* v. *State,* 2 *Ga. App.* 534 (2), it was held: "Neither presence nor flight, nor both together, without more, is conclusive of guilt."

It is not necessary to consider the assignments of error not dealt with above.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*