### 13011.   GUNN *v.* THE STATE.

Presence of the accused and his seeking shelter under a bed in a room in which intoxicating liquor was being made in the house of another person when an officer entered the house did not, in the absence of evidence of any other fact that would tend to connect him with the making of the liquor, authorize a conviction of the offence of manufacturing liquor, where he gave a reasonable explanation of his presence.
                              DECIDED JANUARY 18, 1922.

Indictment for manufacture of liquor; from Wilkes superior court — Judge Shurley. September 23, 1921.

*Hugh E. Combs, F. H. Colley,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J. The accused was convicted of the offense of manufacturing liquor. The only evidence to connect him with the crime was the fact that when an officer entered the home of another person about midnight, he found a distillery in operation, and the accused, who was present, sought shelter under a bed in the room

where the still was located. The accused gave a reasonable explanation of his presence. The evidence is not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused. In *Griffin* v. *State, 2 Ga. App.* 534 (58 S. E. 781), it was held: "Neither presence nor flight, nor both together, without more, is conclusive of guilt." See *Thomas* v. *State, 25 Ga. App.* 558 (3) (103 S. E. 859).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*