*J. H. Felker,* for plaintiff in error.

---

16179.   SALMON *v*. THE STATE.

BROYLES, C. J. The evidence tending to connect the accused with the offense charged was wholly circumstantial, and, therefore, the failure of the court to instruct the jury upon the law of circumstantial evidence was harmful error, and another hearing of the case is required.

(a) The other assignments of error are not passed upon, as the alleged errors are not likely to recur upon another trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 15, 1925.

Accusation of possession of liquor; from city court of Floyd county—Judge Bale. December 30, 1924.

N. H. Salmon was convicted on an accusation charging him with having possession and control of intoxicating liquor. According to the evidence for the State, an automobile occupied by the defendant and others and driven by the defendant, at night, passed a party of officers, who ran after it, and it turned into a garden and ran against a barbed-wire fence. One of the officers testified: "When it hit the fence Mr. Salmon tried to run through the fence, and then tried to back off, and then, when he saw he could not get away, he threw two cans of whisky out; one went this way and one went to the side of the car. I saw them come out, square gallon cans. . . I could not tell whether it was the man who was driving or not who threw the whisky out. I could not tell which

one it was. . . It was corn whisky. . . Buck Salmon [the defendant] was driving the car and Dick Salmon was on the right side. I did not see Dick Salmon make any motion or move. . . There were no side curtains. . . One can came out and one followed quickly as they could turn them loose. . . There were two gallon cans that came out of the car, and two were picked up." This was the only witness who testified as to seeing the cans thrown out of the car. It was testified that a hole was punched in one of the cans and liquor was running out of it. No liquor was found in the car. Buck and Dick said that the liquor found was not their liquor. There was a prize fight that night, and Buck said he wanted some liquor and wanted to get to the prize fight. The defendant in his statement at the trial said: "We didn't have any liquor in that car. We simply went there to get liquor, to drink it over at the prize fight. . . We didn't throw any from the car." Witnesses for the defendant testified to the same effect.

*Porter & Mebane,* for plaintiff in error.

*Alec Harris, solicitor,* contra.