19998. BURCHFIELD v. THE STATE.

Decided November 12, 1929.

*E. H. George,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

Bloodworth, J. The record in this case shows that certain officers raided a distillery where they found five men. One of the officers (Ivey) swore that "fire was in the still, full of beer, whisky running;" that "the still was in full operation, nothing to be done at that time, and nobody was at work. They were talking and the whisky running;" that he "crawled up behind three of the defendants, who were sitting right at the still on a raised place;" that he caught one of them (Jacobs) before they knew he was there; that the defendant Burchfield "jumped up and started off, but I pulled him back. He started again. I told him twice to stop. . . He didn't run. He was trying to walk away or I would not have pulled him back." The defendant was convicted and filed a motion for a new trial, and when this was overruled he excepted.

This case is controlled by the principle announced in *Griggs* v. *State,* 25 Ga. App. 242 (102 S. E. 877), where it was said: "The most that can be said of it is that it shows 'presence' and 'flight.'" In *Griffin* v. *State,* 2 Ga. App. 534 (2) (58 S. E. 781), it was held: "Neither presence nor flight nor both together, without more, is conclusive of guilt." See *Benjamin* v. *State,* 16 Ga. App. 376, 377 (85 S. E. 349). The facts of this case differentiate it from the case of *Chapman* v. *State,* 38 Ga. App. 345 (143 S. E. 923), cited by defendant in error. In this case it is doubtful if "flight" of the defendant was shown by the evidence. One of the defendants swore: "I made no effort to run that night, nor did Burchfield to my knowledge. I did not see Ivey catch Burchfield and pull him back." Without flight having been established by the evidence, the conviction of the defendant was unauthorized. In *Smith* v. *State,* 14 Ga. App. 612 (81 S. E. 817), it was said: "The mere fact of

flight alone, as was held by this court in *Griffin* v. *State, 2 Ga. App.* 534 (58 S. E. 781), is not an incriminatory circumstance of sufficient probative value of itself to authorize a conviction of crime." In the instant case the record shows that two others of the five who were present at the scene of the crime were indicted for manufacturing whisky at that time and place, and have pleaded guilty since the conviction of the defendant, and that another one of the five had not at the time of the trial of this defendant been arrested. Who would believe that this defendant would have been convicted on the slight evidence against him, had these pleas of guilty been entered and proof thereon shown at his trial? Moreover, outside of his alleged flight, there is nothing to connect this defendant with the crime. It is not shown that the still was on his land or that he had any interest in the proceeds thereof, nor was there anything on his clothes to show that he had been engaged in distilling. The evidence as to how the defendant was dressed at the time of the raid was conflicting. The night of the raid he was carried to town, and it is significant that when he arrived at the calaboose the sheriff said: "Who the dickens ever heard of a man distilling with his Sunday breeches on?" (The raid was made on Sunday.) When all the facts and circumstances are considered we do not think the evidence authorized the conviction of the accused.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*