## 20602. COGGINS v. THE STATE.

DECIDED JULY 16, 1930.

*J. W. Culpepper, Chester A. Byars,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

LUKE, J. The defendant was convicted of making intoxicating liquor, and he excepts to the overruling of his motion for a new trial.

The evidence shows presence and flight, and that the defendant had some kind of vessel in his hand. In the case of *Griffin* v. *State,* 2 *Ga. App.* 534 (2) (58 S. E. 781), it was held that "neither presence nor flight, nor both together, without more, is conclusive of guilt;" and that case is cited approvingly in the two cases next herein referred to, where the offense charged was that of making intoxicating liquor. In *Burchfield* v. *State,* 40 *Ga. App.* 506 (150 S. E. 459), the evidence showed that the defendant was present at a still in full operation, and jumped up and started off upon the approach of the officers, and had to be pulled back. In the case of *Griggs* v. *State,* 25 *Ga. App.* 242 (102 S. E. 879), the evidence showed presence and flight, and in addition thereto one witness swore that the defendant "had a quart or a half-gallon cup in his hand," and another witness swore that when he got on the branch where he could see the distillery, the defendant "reached down on the ground and got a bucket of some description;" and this was "right at the furnace." In neither the *Burchfield* nor the *Griggs* case was any defect shown in the charge of the court, but in both cases the judgments were reversed because of insufficiency of evidence. In the *Griggs* case the evidence showed presence, flight, and a vessel in the hand of the defendant. In the instant case the evidence shows presence, flight, and a vessel in the hand of the defendant. It might have been reasonably concluded that the defendant went to the still with a vessel to buy whisky or to get a drink. We deem it proper, in view of the ruling hereinafter made, to state the foregoing, but under all the attending circumstances shown in the record we do not base our ruling upon an insufficiency of evidence.

The special ground of the motion for a new trial alleges that the court erred in failing to charge the law of circumstantial evidence. We have carefully read the evidence and fail to find any direct or positive testimony that the defendant made liquor or did a single overt act towards making liquor. The evidence does not show that the defendant used the vessel in any way, or did any act towards the consummation of the crime. The evidence was wholly circumstantial, and "In a criminal case in which the guilt of the defendant is dependent wholly on circumstantial evidence the jury should be instructed that if the proved facts are consistent with innocence, the defendant is entitled to an acquittal." *Riley* v. *State,*

1 *Ga. App.* 651 (57 S. E. 1031). In *Harris* v. *State,* 18 *Ga. App.* 710 (90 S. E. 370), this court held that "Failure to charge the jury on the law of circumstantial evidence was error requiring a new trial, the conviction of the accused being dependent entirely upon such evidence." In *Salmon* v. *State,* 33 *Ga. App.* 695 (127 S. E. 657), this court held: "The evidence tending to connect the accused with the offense charged was wholly circumstantial, and, therefore, the failure of the court to instruct the jury upon the law of circumstantial evidence was harmful error, and another hearing of the case is required." And "it is . . [the court's] duty so to instruct the jury even though there be no request to that effect." *Harden* v. *State,* 13 *Ga. App.* 34 (2) (78 S. E. 681), and cit. The court erred in overruling the motion for a new trial.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J. In my opinion, the evidence in support of the conviction was not wholly circumstantial; and in such a case, in the absence of a request to charge on the law of circumstantial evidence, the court is not required to charge thereon.