21793.   TOWLER *et al. v.* THE STATE.

DECIDED NOVEMBER 10, 1931.

W. L. Nix, Roy M. Nix, for plaintiff in error.
*Clifford Pratt, solicitor-general,* contra.

LUKE, J.   Tom Towler and Nimmie Barnett were jointly indicted for manufacturing intoxicating liquors. Both defendants were tried jointly, and both found guilty of "attempting to manufacture whisky." The defendants allege that the trial judge erred in overruling their motion for a new trial.

Ray Swords testified, in substance, that at about 11 o'clock of a certain day in July, 1930, he and Bob Davis found "two vats of beer and a stilling outfit" close to Shiloh Church; that to the best of witness's knowledge the place where the still outfit was found

was in Gwinnett county; that "Towler and Barnett were there;" that witness heard "somebody making a noise with some pipes;" that when witness "got in sight of them Mr. Towler had turned and set down on a log about five or six feet from the pipes, and Mr. Barnett was facing this beer;" that the beer was "still beer," and was intoxicating; that "the still was right there with the box of beer, but it hadn't been set up—it had just been toted there and laid down;" that no other persons than the defendants were at the still; that Barnett ran, but Towler did not; that there had been a fire in the furnace and whisky had been run there, but witness did not know how long since; that witness found an old flake stand, two vats of beer, two barrels, and some pipe and buckets; that the still had not been "connected up," but was "partly connected;" that to the best of witness's knowledge the beer was just about ready to run; that all that the witness saw Towler do was to turn around "from facing the pipes and set down on the log;" and that it appeared from the fact that the dew was knocked off of the bushes that the barrels had been "rolled down through the leaves."

The testimony of Bob Davis is so nearly like that of Swords that we shall only quote the following portion of it: "We struck where they rolled the still from there (a path) to the beer, and we tracked it to the still. You could see where it had knocked water off the bushes. . . The sweat was running off of them (defendants) when we went up there—they were mighty hot; and Tom was sitting on the log, and was smutty where he had been toting the still-pipe, and the old still was smutty where it had been run, and there were two boxes of beer there ready to run."

For the purposes of this decision it is only necessary to state generally that the gist of the statement of each defendant was that they came upon the still accidentally, and that they were not guilty.

We have only undertaken to set out the substance of that part of the evidence which bears upon the insistance in the first special ground, that the trial judge erred in failing, without request, to charge the law of circumstantial evidence. "On the trial of a criminal case, where a conviction depends solely upon circumstantial evidence, it is the duty of the judge, whether so requested or not, to give in charge to the jury the principles of law by which the weight of the circumstances is to be determined, and under what circum-

stances a conviction on circumstantial evidence is warranted." *Strickland* v. *State,* 167 *Ga.* 452, 454 (145 S. E. 879), and cit. In the case of *Coggins* v. *State,* 41 *Ga. App.* 659 (154 S. E. 376), the defendant was convicted of manufacturing intoxicating liquor. In that case the evidence showed "presence, flight, and that the defendant had some kind of vessel in his hand." It was there held that failure to charge the law of circumstantial evidence was reversible error, for the reason that the conviction depended entirely upon circumstantial evidence. The *Coggins* case is very much in point, and several of the authorities cited in it are directly applicable to the case at bar.

We are satisfied that the conviction in the case at bar rests entirely upon circumstantial evidence, and are constrained to hold that the court erred in failing to charge the law of circumstantial evidence, though he was not requested so to do.

The judgment being reversed upon the special ground discussed above, it is not necessary at this time to pass upon the general grounds, or the sufficiency of the proof of venue, or the contention that the court erred in charging the law applicable to a situation where an offense is committed on a county line.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*