### 23073.  CARROLL v. THE STATE.

DECIDED NOVEMBER 4, 1933.

*Maurice C. Thompson, Oliver C. Custer,* for plaintiff in error.
*John Y. Roberts, solicitor,* contra.

MacIntyre, J.   Ira Carroll was convicted of having, controlling, and possessing whisky.   J. Bowden, a police officer of the City of Macon, testified: that while in company with another officer, James, he saw the defendant and another person riding in a car; that he recognized the car as being the automobile of J. D. Elliott; that he had information that Elliott was in the liquor business; that they followed the car about a mile and tried to stop it by blowing their horn; that the driver, the defendant, increased his speed and would not stop, and "turned his car in the opposite direction, toward Pio Nono avenue;" that near said avenue the officers saw some liquid dripping from the car, which, from its odor, witness determined was whisky; that the man in the car with defendant "was hammering at something with an automobile crank;" that shortly after this the defendant stopped his car; that as witness "drove up alongside of it and got out," the other man jumped out and ran away, and witness was unable to catch him, "although we recognized him, but did not know his name;" and that later the deputy sheriff, Moseley, arrested him.   This witness further testified: "The defendant was getting out of the car from under the steering-wheel at the time we stopped.   We found several broken glass bottles in the front of the car, and one gallon can, which had been cut open.   We also found a crank used for starting an automobile.   The smell of whisky was still on the bottles, and we found a very small amount of whisky in one of the tin cans which had been cut open.   The defendant stated that he had been coming into town from Crawford county, and that he picked up the passenger who had asked him for a ride and brought him into town; that he did not know who this passenger was—that he noticed that he had a package wrapped up, but that he (the defendant) did not know what the package contained.   He stated further that he was ignorant of the fact that the package contained whisky.   He denied any knowledge of the fact that whisky was in the car, and denied any possession or ownership of the same."   Deputy sheriff J. H. Moseley testified, that at the request of officer Bowden he arrested one Bolton Gravette under a warrant, and that Gravette was at work at the home of the defendant at the time of the arrest.

The defendant substantially stated to the jury that he was in the

automobile-repairing business; that he had done some repair work on the car of J. D. Elliott and was returning the car to Elliott; that as he was driving into Macon from Crawford county, and before he reached Macon, he picked up a "passenger" on the road, who asked for a ride; that "he had a large package wrapped in paper, which he brought into the car;" that he (defendant) was not aware that the officers were following him; that when he realized that some one was trying to stop him he stopped the car, and his passenger jumped out and fled; that just before the passenger fled he, the passenger, broke the bottles of whisky and cut the cans which contained whisky; that he (defendant) had nothing to do with the whisky, and did not know at any time before the passenger began to break the bottles and to cut the cans that the latter had whisky in his possession; that if he had known that the passenger had whisky in his possession, he would not have given him a ride; that he had never seen the passenger before; and that he (defendant) did not at any time flee.

It will be noted that it appears from the evidence that the defendant was driving the car, and that whisky was found in the car. It will be further noted from the defendant's statement that he was in the control and possession of the automobile. In misdemeanors all who procure, counsel, command, aid or abet the commission of the offense are regarded as principals. There are no accessories in misdemeanors. *Loeb* v. *State,* 6 *Ga. App.* 23 (2) (64 S. E. 338); *Hebbard* v. *State,* 33 *Ga. App.* 45, 46 (125 S. E. 508). The evidence supports the verdict; and, since the conviction did not rest entirely upon circumstantial evidence and there was no request to charge on circumstantial evidence, the court's failure to charge thereon was not reversible error. See, in this connection, *Holt* v. *State,* 7 *Ga. App.* 77 (66 S. E. 279).

*Judgment affirmed. Broyles, C. J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. In my opinion the court erred in failing to charge on circumstantial evidence. If the court had given a proper charge thereon and the jury had then found a verdict of guilty, I think the verdict would have been sustained by the evidence. There was no direct evidence in the case. See *Salmon* v. *State,* 33 *Ga. App.* 695 (127 S. E. 657). I think the judgment should be reversed.