23258. RICHARDS *v.* AMERICAN SURETY COMPANY.

Decided December 1, 1933.

*Ben C. Williford,* for plaintiff.

*Jones, Evins, Powers & Jones,* for defendant.

Sutton, J. Plaintiff's husband was standing at a liquor still when certain officers of the law came to raid it. He was not connected with the raiding squad in any way, nor was he doing anything at the still. When the officers came, he became frightened and ran away from them. J. A. Paul, a deputy sheriff under and subject to T. E. Watkins, sheriff of Oglethorpe county, and while acting as such deputy sheriff, ran after him and tried to catch him, and, not being able to do so, shot him in the back and killed him. The defendant surety company was surety on the official bond of the sheriff, which was conditioned for the faithful performance of his duties as sheriff and of those of his deputies. Plaintiff brought suit against the surety company for the death of her husband, alleging that the killing was wrongful, a violation of the official duties of the sheriff acting through his deputy, and that the surety company was liable for the value of her husband's life. The foregoing facts appeared from the petition. The court dismissed the petition, on general demurrer, and to this judgment plaintiff excepted. *Held:*

1. Suit may be brought upon the sheriff's bond for any wrongful act "committed under color of his office" by himself or his deputy, and such a bond is obligatory upon the principal and sureties thereon for the "use and benefit of every person who is in-

jured" by such wrongful act. Civil Code (1910), §§ 291, 295; *Robertson* v. *Smith,* 16 *Ga. App.* 760, 767 (85 S. E. 988, 991).

2. "An officer's acts are done colore officii when they are of such a nature that his official position does not authorize the doing of such acts though they are done in a form that purports they are done by reason of official duty and by virtue of his office." *Robertson* v. *Smith,* supra. The act of the deputy sheriff in the instant case in shooting the deceased to prevent his escape from arrest was an act colore officii. See *Powell* v. *Fidelity & Deposit Co.,* 45 *Ga. App.* 88 (163 S. E. 239).

3. While it has been held that "Presence of a person at a distillery where intoxicating liquor is being made, and his flight on seeing an officer approaching, may, when not satisfactorily explained, authorize a jury to find him guilty of making such liquor" (*Yonce* v. *State,* 154 *Ga.* 419, 114 S. E. 325; *Lindsay* v. *State,* 32 *Ga. App.* 74 (3), 122 S. E. 649; *Smith* v. *State,* 46 *Ga. App.* 351, 167 S. E. 714), such convictions have been sustained only where the still was in active operation when the officers approached and the defendant fled, and where the defendant failed to make a satisfactory explanation of such conduct. *Norris* v. *State,* 43 *Ga. App.* 566, 570 (159 S. E. 597); *Gunn* v. *State,* 28 *Ga. App.* 116 (110 S. E. 326); *Griggs* v. *State,* 25 *Ga. App.* 242 (102 S. E. 877). In *Griggs* v. *State,* supra, it was held that where all the evidence showed the presence of the defendant at the liquor still and his flight upon the approach of the raiding officers, this was not sufficient to authorize a conviction. This ruling was followed in the case of *Burchfield* v. *State,* 40 *Ga. App.* 506 (150 S. E. 459), where the evidence showed that the defendant was present at a still and on the approach of the raiding officers jumped up and had to be pulled back. "Neither presence nor flight, nor both together, without more, is conclusive of guilt." *Griffin* v. *State,* 2 *Ga. App.* 534 (58 S. E. 781). In *Smith* v. *State,* 14 *Ga. App.* 610, 612 (81 S. E. 817), it was held that "The mere fact of flight alone, as was held by this court in *Griffin* v. *Stale,* 2 *Ga. App.* 534 (58 S. E. 781), is not an incriminatory circumstance of sufficient probative value of itself to authorize a conviction of crime." The petition in the present case showed that the deceased was standing at a liquor still when the raiding officers approached, but was doing nothing at the still, and that he became frightened at their approach and ran

away from them. It does not appear that the still was in operation or that liquor had been or was being manufactured there. It does not appear that the deceased had any interest in the still or had anything whatever to do with the manufacture of liquor there. The case is here on demurrer, and, under the allegations of the petition, this court can not hold, as a matter of law, that the deceased was committing a felony in the presence of the raiding officers when they approached, and that the deputy sheriff was authorized to shoot the deceased to prevent his escape from arrest.

4. It follows that the court erred in dismissing the case on demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

STEPHENS, J., concurring specially. Whatever justification, if any, an arresting officer may possess to shoot or kill a person resisting a lawful arrest or who is fleeing to avoid such arrest, although the arrest was for a felony committed, the officer is not justified as a matter of law in so doing, but is only justified therein when in the opinion of a jury his act was necessary to accomplish the lawful object sought or was in the lawful defense of his person. The fact of such justification is essentially a question for determination by a jury. See *McAllister* v. *State,* 7 *Ga. App.* 541 (5) (67 S. E. 221) ; Jackson *v.* State, 66 Miss. 89 (5 So. 690, 14 Am. St. R. 542) ; State *v.* Bryant, 65 N. C. 327; 1 Hale's Pleas of the Crown, 481; 2 Hale's Pleas of the Crown, 76, 77; 4 Blackstone's Commentaries, 293.

The shooting and killing by an officer of a man who is running from him after having fled from a "still" where he had been standing doing nothing, even if it could be assumed that the man who was killed was at the still in the commission of a felony, with the knowledge of the officer, is not as a matter of law justified.

The petition in a suit by the widow of the person killed against the surety upon the officer's official bond, to recover damages for the homicide, where it is alleged that the plaintiff's husband was killed under the circumstances above recited by the officer while in his capacity as an officer in making a raid upon the still, set out a cause of action and was good against general demurrer and it was error to sustain the general demurrer.