### 26116.  SHOPE *v.* THE STATE.

Decided February 2, 1937.

*R. C. Jenkins,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

Broyles, C. J.  The evidence authorized the defendant's conviction of the offense of making whisky, and the court did not err in overruling the motion for new trial containing the general grounds and another ground merely in elaboration thereof.  The case of *Burchfield* v. *State,* 40 *Ga. App.* 506 (150 S. E. 459), cited in the brief of counsel for plaintiff in error, is distinguished by its facts from the case at bar.  In that case the raiding officers found five men at the still and none of them was doing anything but talking.  Burchfield jumped up and started walking away, but was caught by one of the officers.  After his conviction, two of the other five men who were present at the still pleaded guilty. In reversing the judgment against Burchfield this court said: "Who would believe that this defendant would have been convicted on the slight evidence against him, had these pleas of guilty been entered and proof thereon shown at the trial?  Moreover, outside of his alleged flight, there is nothing to connect this defendant with the crime."  In the present case the evidence for the State showed the following facts: when the officers made their raid, the still was in operation and whisky was running out.  There were three men at the still, the defendant, Ollie Mull, and another man unknown to the officers.  Mull was pouring some · of the whisky into a five-gallon glass jug, and the defendant was holding a funnel over the jug while Mull was pouring the whisky in it. A path led straight from the defendant's house to the still.  Several weeks before the still was raided, the officers found a still in the defendant's pasture, and the barrels and boxes at that still were

the same barrels and boxes found at the still where the defendant was holding the funnel into which the whisky was being poured. The defendant introduced no evidence, but made a statement denying that he was holding the funnel, and stating that he knew nothing of the still and accidentally ran up on it while he was hunting for some dogs that had run a fox away from his turkeys. The jury evidently rejected his statement, and believed the evidence for the State.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*