29770. ALDRIDGE *v.* WOOTEN, deputy sheriff, *et al.*

DECIDED MARCH 6, 1943.

*Jule Felton, Fort & Fort,* for plaintiff.
*Dykes, Bowers & Dykes,* for defendants.

BROYLES, C. J. Eula Aldridge brought an action on the official bond of John S. Wooten, as special deputy sheriff of Sumter County, Georgia, and his bondsman, United States Fidelity & Guaranty Company, to recover damages for the alleged negligent homicide of her husband, Joe Aldridge. The court directed a verdict for the defendants, and to that judgment the plaintiff excepted.

The homicide occurred at about twelve o'clock on the night of December 9, 1940, and the evidence, direct and circumstantial, authorized a finding that while attempting to recapture an escaped convict, Wooten mistook Aldridge for the convict and negligently and without legal justification shot Aldridge twice in the back with a 38-calibre pistol and killed him. The plaintiff alleged in her petition that Wooten was acting virtute officii in attempting to capture the escape, and that he was acting colore officii in shooting Aldridge.

An officer acts virtute officii when he acts "by the authority vested in him as the incumbent of the particular office." Black's Law Dictionary, p. 1224. "An officer's acts are done colore officii when they are of such a nature that his official position does not authorize the doing of such acts though they are done in a form that purports they are done by reason of official duty and by virtue of his office." *Robertson* v. *Smith,* 16 *Ga. App.* 767, 769 (16 S. E. 760); *Hawkins* v. *National Surety Cor.,* 63 *Ga. App.* 367, 372 (11 S. E. 2d, 250). Colore officii is also defined as "a pretense of official right to do an act, made by one who has no such right." *Luther* v. *Banks,* 111 *Ga.* 374, 377. "Every official bond executed under this Code is obligatory on the principal and sureties thereon— . . for the use and benefit of every person who is injured, either by any wrongful act committed under color of his office or by his failure to perform, or by the improper or neglectful

performance of those duties imposed by law." Code § 89-418 (4). It is a criminal offense for any person who has been legally convicted and imprisoned to escape from his confinement, whether the conviction was for a misdemeanor or a felony. Code, §§ 26-4507, 26-4509. "One who is aggrieved by the official misconduct of a deputy sheriff may at his option sue either on the sheriff's bond or on the deputy's bond. Civil Code (1910), §§ 294, 295 [Code,. §§ 89-426, 89-427]." *Copeland* v. *Dunehoo*, 36 *Ga. App.* 817, 820 (138 S. E. 267). Any peace officer may arrest an escape without a warrant, and "It is the duty of the officer to take prompt action in effecting the capture of the escape, and to then turn him over to his lawful custodians within a reasonable time." *Williford* v. *State*, 121 *Ga.* 173, 177 (48 S. E. 962).

The defendants' answer admitted the averment of paragraph 3 of the petition that "John S. Wooten was duly appointed special deputy sheriff for Sumter County, Georgia, and was acting as such during the year 1940." Paragraph 4 of the petition alleges that "said bond was given in terms of the law for the . . faithful performance of all duties as such officer, the surety on said bond being the United States Fidelity & Guaranty Company." Paragraph 2 of the answer admits that "John S. Wooten gave a bond as deputy sheriff, as provided by law." It appears from an extract. of the minutes of the board of commissioners of Sumter County that, at a meeting of that board held August 2, 1937, "John S. Wooten was elected special officer for the enforcement of the law,. to be appointed deputy sheriff by the sheriff, at a salary of $135 per month, the county to furnish all gas and oil for his car and . . all repairs made, including parts." Other extracts from the minutes of the board of commissioners were also introduced in evidence, and these showed that "John S. Wooten was appointed special officer, with a salary of $150 per month," for the years 1938,. 1939 and 1940.

Mr. Freeman, sworn for the defense, testified substantially in part that he was warden for Sumter County, and that he called on Wooten to help him capture the escape because Wooten "was employed by the county and the commissioners had instructed" him "to use him in cases of that kind;" that Wooten did "all our finger-print work in transferring prisoners from the jail to the stockade," and "helped me some in my office;" that he had no

warrant for the arrest of the escape; that there were "about nineteen other employees of the county out there" who would help him when they "heard of an escape;" and that as a rule anybody would help him. John S. Wooten, sworn for the defense, substantially testified in part that he was employed by Sumter County as special deputy and was paid a fixed salary for that service; that he "gave bond and qualified as deputy sheriff;" that he thought the commissioners had him appointed deputy sheriff in order that he could serve them *and have the power incident to that office* [italics ours]; that they [the commissioners] wanted a man who could take finger prints and check up taxes and do the various duties required, but *they wanted power to arrest* [italics our]"; that he was never paid anything by the sheriff's office; that most of his duties were those of county policeman; that he would only act as deputy sheriff when called on by the sheriff, and that the sheriff called on him a number of times; that the sheriff did not ask him "to perform this service," and that he "had no warrant . . as deputy sheriff;" that on this particular occasion "he was not performing any duty as deputy sheriff;" and that "they [the commissioners] told me that part of my duties was to assist Mr. Freeman," and "I was in the performance of that duty."

In our opinion, the evidence, direct and circumstantial, raised an issue of fact as to whether the defendant Wooten, at the time of the homicide in question, was acting as a deputy sheriff of Sumter County, or acting in some other capacity. And the evidence further raised an issue of fact as to whether Wooten, even if he were acting as a deputy sheriff, was negligent in shooting and killing Joe Aldridge. Those issues should have been submitted to the jury, and the court erred in directing a verdict for the defendants.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*