## CULPEPPER *et al.* v. UNITED STATES FIDELITY & GUARANTY COMPANY *et al.*

No. 15045. January 5, 1945.
Rehearing denied February 9, 1945, March 7, 1945.

*Daisy L. Churchwell* and *Charles G. Bruce,* for plaintiffs.

*Turpin & Lane* and *Hall & Bloch,* for defendants.

GRICE, Justice. ■  The first question propounded is answered in the affirmative.  A deputy sheriff while proceeding en route to serve a jury summons is acting in his official capacity of deputy sheriff.  The word "so" in the latter part of the interrogatory, whether used to point out the geography of his route, or the manner in which the officer was performing his duties, can not alter the fact that he was then and there engaged in official business. Code, §§ 59-206, 59-701.

■ ■  As we interpret the second inquiry from the Court of Appeals, it does not involve the question whether or not in a suit against the deputy sheriff alone the petition, disclosing the facts above enumerated, showed him liable for a tort, but whether such facts made him, as an officer, and his sureties liable for a breach of his official bond.  The answer to the first question propounded does not furnish the solution to the second one.  The deputy's liability under the circumstances mentioned, when sued on his official bond, does not depend upon whether the injury inflicted by him on a third person was done while he was proceeding on his route to serve a jury summons, and therefore while he was acting in his official capacity; but, rather, was his act, from which injury resulted, done either while acting by virtue of his office or under color of his office?

58

The law demands that sheriffs must take from their deputies bonds with sureties. Code, § 24-2811. It is true that the statute does not prescribe any condition for the violation of which the principal and surety thereon would become liable, but there is a statutory requirement that all official bonds must be "conditioned, in all cases in which a different condition is not prescribed, upon the faithful discharge of the duties of the office by the officer during the time he continues therein or discharges any of the duties thereof." § 89-402. The bond given by the deputy sheriff is an official bond, and there being nothing in the law requiring it which prescribes a different condition, it was properly conditioned faithfully to discharge the duties of the office. *Citizens Bank* v. *American Surety Co.,* 174 *Ga.* 852, 857 (164 S. E. 817). Every official bond is obligatory upon the principal and surety thereon "for the use and benefit of every person who is injured, either by any wrongful act committed under color of his office or by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." Code, § 89-418. In *Citizens Bank* v. *American Surety Co.,* supra, it was said that a statute, providing that official bonds shall be for the benefit of persons injured by the principal, must be read with the conditions of such bonds obligating the officials well and truly to perform the duties of such office, and refers to such liabilities as arise within the fair intendment of the obligation itself.

There was here no breach of the bond unless the act which caused the injury was either a failure to perform an official duty, or the improper or negligent performance of a duty imposed by law, so as to make it one done by virtue of the office, else, a wrongful act committed under color of office, the latter being defined as "a pretense of official right to do an act, made by one who has no such right." *Luther* v. *Banks,* 111 *Ga.* 374, 377 (36 S. E. 826). We have encountered no clearer or sounder statement on the subject than this of the late Judge Robert Hodges: "An officer's acts are done colore officii when they are of such a nature that his official position does not authorize the doing of such acts, though they are done in a form that purports they are done by reason of official duty and by virtue of his office." *Robertson* v. *Smith,* 16 *Ga. App.* 767 (85 S. E. 991). Was the act of negligently killing the pedestrian an act purported to be done by reason of official duty,

and by virtue of his office? When the deputy sheriff was en route to serve a court paper, he was on an official mission. Did that fact convert the act of striking and killing the third party into the performance of any official duty of his, either by virtue of or under color of his office, although he had no official business with the deceased, nor did he attempt to exercise toward her any official authority? We think not, but, on the contrary, the facts assumed in the question submitted show no breach of the condition of the bond of the deputy sheriff to faithfully discharge the duties of his office. Under the facts enumerated, he may have committed a tort in negligently operating the automobile which he was driving, and in violating certain traffic regulations, but in so doing he was not acting either by virtue of or under color of his office. While the facts dealt with were not identical, the Court of Appeals of this State in the following cases discussed and applied the principle here involved: *Board of Education* v. *Fudge,* 4 *Ga. App.* 637 (62 S. E. 154); *Robertson* v. *Smith,* 16 *Ga. App.* 760 (85 S. E. 988); *Richards* v. *American Surety Co.,* 48 *Ga. App.* 102 (171 S. E. 924); *Tate* v. *National Surety Corporation,* 58 *Ga. App.* 874 (200 S. E. 314); *Hawkins* v. *National Surety Corporation,* 63 *Ga. App.* 367 (11 S. E. 2d, 250); *Glens Falls Indemnity Co.* v. *Dempsey,* 68 *Ga. App.* 607 (23 S. E. 2d, 493); *Aldridge* v. *Wooten,* 68 *Ga. App.* 887 (24 S. E. 2d, 700). For decisions treating facts quite similar to those stated in the questions propounded, and supporting the views herein expressed, see Nelson *v.* Bartell, 4 Wash. (2d) 174 (103 Pac. 2d, 30); Ætna Casualty & Surety Co. *v.* Clark, 136 Tex. 238 (150 S. W. 2d, 78); Usrey *v.* Yarnell, 181 Ark. 804 (27 S. W. 2d, 988); Gray *v.* De Bretton, 192 La. 628 (188 So. 722); Clement *v.* Dunn, 114 Cal. App. 60 (299 Pac. 545); Humphrey *v.* Ownby (Mo. App.) 104 S. W. 2d, 398.

The second question propounded by the Court of Appeals is answered in the *negative.*

*All the Justices concur, except Atkinson, J., who dissents.*