30593. CULPEPPER *et al. v.* UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

DECIDED MARCH 14, 1945.

*Daisy L. Churchwell, Charles G. Bruce,* for plaintiffs.
*Turpin & Lane, Hall & Bloch,* for defendants.

BROYLES, C. J. The plaintiffs brought suit against John T. Gibson, individually, and in his official capacity as a deputy sheriff of Bibb County, Georgia, and the surety on his official bond as such deputy, and against James R. Hicks Jr., individually, and in his official capacity as sheriff of said county and State, and the surety on his official bond as such sheriff. The petition was amended "by striking therefrom all reference to said suit being against any defendant individually." Thereafter, the general demurrers of the defendants were sustained and the petition was dismissed; and to that judgment the plaintiffs excepted.

This court certified to the Supreme Court the following questions:

"1. Where a deputy sheriff of Bibb County, Georgia, was operating an automobile on a public highway in the county for the purpose of serving a summons on a person who had been drawn as a juror by the judge of the superior court of that county, and the deputy, while driving through the City of Macon, en route to the place where he expected to serve the summons, violated an ordinance of the city by driving the car at a speed greater than twenty-five miles an hour, and violated the laws of Georgia by operating the car on a public highway at a greater rate of speed than 55 miles per hour, and negligently ran his car against a pedestrian who was crossing a street in said city, thereby killing her, was the deputy sheriff, while so proceeding on his route to serve the summons, acting in his official capacity as deputy sheriff of Bibb County?

"2. If the Supreme Court should answer the first question in the affirmative, then further instruction is desired as to whether a petition disclosing the facts above enumerated states a cause of action against the deputy sheriff and the sureties on his official bond for a breach thereof."

The headnotes of the Supreme Court's decision read as follows:

"1. A deputy sheriff while proceeding en route to serve a jury summons is acting in his official capacity.

"2. A cause of action against a deputy sheriff when sued on his official bond, together with his surety thereon, is shown only if the harmful act was done by virtue of or under color of office. No liability thereon attaches for personal malfeasance of the officer, although done when en route to serve a jury summons.

"3. Where the officer while en route to the place where he expected to serve the summons violated the traffic regulations of the city and laws of this State with reference to speed, and negligently ran his car against a pedestrian who was crossing the street, thereby killing her, he and the surety on his official bond are not by reason of such facts liable for a breach thereof."

For the full decision of the Supreme Court see this case (199 Ga. , 33 S. E. 2d, 168). Under that decision, the court did not err in sustaining the general demurrers to the petition as amended.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*