## 34130. GRIFFETH v. THE STATE.

CARLISLE, J. 1. Where, on the trial of one charged with the offense of possessing non-tax-paid liquor, there is both direct and circumstantial evidence connecting the defendant with the perpetration of the offense charged, it is not reversible error for the trial court, in the absence of a timely written request to charge the law of circumstantial evidence, to fail to instruct the jury on the subject. *Carroll* v. *State,* 47 *Ga. App.* 81 (171 S. E. 574); *Reece* v. *State,* 208 *Ga.* 165 (3) (66 S. E. 2d, 133); *Williams* v. *State,* 196 *Ga.* 503 (1) (26 S. E. 926); and citations. See also *Phillips* v. *State,* 12 *Ga. App.* 563 (77 S. E. 832). There was direct evidence that the defendant at least on one occasion had whisky in his possession and there was circumstantial evidence sufficient to authorize the jury to find that the whisky which he possessed was the same non-tax-paid whisky found by the officers.

2. The general grounds of the motion for a new trial were not argued by counsel for the defendant, either orally or in the brief, were not generally insisted upon, and are treated, therefore, as abandoned.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED JULY 14, 1952.

*William L. Preston,* for plaintiff in error.
*D. M. Pollock, Solicitor-General,* contra.