44702.   PEAVY et al. v. CHAVERS, Administrator, et al.

WHITMAN, Judge.   The plaintiffs, appellants, brought an action for damages for the wrongful death of Mary Ann Peavy and named T. Ralph Grimes and the estate of Robert Willard Watson as defendants.   The complaint alleges that Mary Ann Peavy was killed when the car in which she was riding as a passenger was struck by a car driven by Watson; that Watson at the time was a deputy sheriff acting under T. Ralph Grimes, the then Sheriff of Fulton County, Georgia, and that Watson was conveying a prisoner. The complaint alleges that Watson's car was equipped with unsafe, defective tires in that they were worn and slick and that such condition was known or should have been known by both Watson and Grimes; that it was nighttime and raining; that Watson drove the car around a curve at a greater speed than was reasonable and prudent under such conditions and failed to have the car under his control and that it veered, crossed over the centerline, and crashed into the car in which Mary Ann Peavy was riding.   It is alleged that Watson was negligent in driving his car with defective tires around a curve at a speed which was excessive under the circumstances; and that both defendants were negligent in allowing and permitting the defective tires to remain on the car.

The case is before us on an appeal by the plaintiffs from an order granting a motion for a general summary judgment made by defendant Grimes.

The complaint names Grimes as a defendant in his individual capacity and proceeds against him on two theories; first, that Grimes is liable for the negligent acts of Watson under the doctrine of respondeat superior; and, second, that Grimes was himself guilty of causative misconduct in allowing an

automobile equipped with worn and slick tires, which unsafe condition Grimes allegedly knew or ought to have known, to be used in the business of his office.

The only undisputed fact that appears from the pleadings is that Grimes "admits that at the alleged time and place Deputy Sheriff Watson was conveying a prisoner."

Grimes does not contend that he has shown that Deputy Watson was not negligent in any regard. In an affidavit accompanying his motion Grimes swears that on the date in question Watson's duties were to transfer prisoners to and from Fulton County in his own automobile, for which Watson was paid eight cents per mile by Fulton County; that at no time prior to the date in question did he have an opportunity to inspect Watson's automobile, nor did he have any knowledge with respect to the condition of the tires on Watson's automobile.

There are no affidavits or other matter offered in opposition to the motion for summary judgment. *Held:*

1. "The rule of respondeat superior does not apply where public officers are sought to be bound by the negligence of subordinate officers or employees, unless there has been a failure to exercise due care in the selection of such subordinates, or the officers have actual knowledge of the negligent acts of their employees, and their knowledge, coupled with a refusal to correct or properly instruct such employees, amounts to a ratification of such negligent act." *Mathis v. Nelson,* 79 Ga. App. 639 (3) (54 SE2d 710). Also see *Gay v. Healan,* 88 Ga. App. 533 (4) (77 SE2d 47); *Chadwick v. Stewart,* 94 Ga. App. 329 (3) (94 SE2d 502); *Culpepper v. U. S. Fidel. &c. Co.,* 199 Ga. 56 (33 SE2d 168); *New Amsterdam Cas. Co. v. Mathis,* 82 Ga. App. 421 (61 SE2d 422).

2. The averment in the affidavit of Grimes that he had no knowledge of the tires' condition and that the car was, in effect, hired by Fulton County, pierces the allegation that Grimes knew the tires were defective and that he was negligent in allowing and permitting the tires to remain on the car.

There was no error in granting the motion for summary judgment made by defendant Grimes.

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED MARCH 10, 1970.

356

*H. Thad Crawley,* for appellants.

*Harold Sheats, Martin H. Peabody, Ronald L. Reid, George D. Busbee,* for appellees.