A92A1474. PAINTER et al. v. SORROW et al.
(423 SE2d 684)

CARLEY, Presiding Judge.

Seeking to recover for injuries sustained in a vehicular collision, appellee-plaintiffs brought suit against appellant-defendant employees of the Department of Transportation. In relevant part, appellees' complaint alleged that appellants had "negligently designed the bridge located [adjacent to the intersection where the collision occurred], so as to obscure the vision of traffic. . . ." After extensive discovery, appellants moved for summary judgment. The trial court denied appellants' motions, but certified its order for immediate review. Appellants appeal pursuant to this court's grant of their application for an interlocutory appeal.

Appellees' specific contention is that the bridge has a configuration such that the sight distance of motorists approaching the intersection is limited. By means of their depositions, appellants have shown that any such defect in configuration is related to the design of the *roadway*, i.e., the surface upon which vehicles travel, and *not* the *bridge*, i.e., the underlying structural support system, and that neither appellants nor the Office of *Bridge* Design, for which they worked, had any responsibility for the design of the *roadway*. Appellees did not rebut this evidence. If the alleged defect is in the roadway, and not the bridge, and appellants were responsible for the design of the

bridge, and not the roadway, it follows that appellants would not be liable to appellees. *Ethridge v. Price,* 194 Ga. App. 82, 84 (3) (389 SE2d 784) (1989).

Appellees urge, however, that appellants are nevertheless liable because they had actual or constructive notice of the alleged defect in the roadway. There is evidence that appellants had notice that the configuration of the roadway was such that the sight distance did not meet "minimum requirements" and could present severe problems for the intersection in question. However, there is no evidence that this failure to meet "minimum requirements" for sight distance would give rise to a duty on the part of appellants as to the redesign of the bridge. To the contrary, the evidence shows that it was recognized that the restricted sight distance would "necessitate additional traffic controls such as reduced speed limit, street lighting, and signing." If appellants had notice of the alleged defect in the roadway, but the duty to ameliorate the effects of that defect was imposed on others, it follows that appellants would not be liable to appellees. "In the absence of a breach of a legal duty, there can be no actionable negligence. [Cit.] . . . [Appellants] had no role whatsoever in the [design of the roadway]. Indeed, it was only after [completion of the roadway design] that appellant[s] [were] informed [of a deficiency in the roadway design]. Despite these facts, appellees contend that appellant[s] [were] nonetheless legally obligated to [alter the bridge design or inform the engineers responsible for the roadway design that it must be altered]. . . . To impose such a duty on employees in the position of appellant[s] would, in our view, extend the duty of reasonable care beyond reasonable limits." *Minter v. Powell,* 152 Ga. App. 449, 451-452 (2) (263 SE2d 235) (1979).

"[W]e can conceive of no legal theory upon which [appellants] could be held liable for the injur[ies]. . . . We consequently hold that the trial court [erred] in [denying appellants' motions] for summary judgment." *Shannon v. Combustion Engineering,* 188 Ga. App. 239, 240 (2) (372 SE2d 818) (1988).

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 24, 1992 —
RECONSIDERATION DENIED OCTOBER 9, 1992 —

*Arrington & Hollowell, W. Ray Persons, Gary W. Diamond,* for appellants.

*Moffett & Henderson, John W. Henderson, Jr., D. Kevin Wheeler, Henry B. Sams,* for appellees.