A96A0980, A96A0981. BOB v. HARDY et al.; and vice versa.
(474 SE2d 658)

BIRDSONG, Presiding Judge.

This is a pre-Tort Claims Act case in which certain DOT employees were alleged to have been negligent in regard to the maintenance, construction and design of a guardrail and embankment on I-75 south of Valdosta. In November 1988, Emma Bob was a passenger in a car driven south on I-75; she was injured when the driver fell asleep, ran off the road and plunged down a steep embankment. She filed suit contending that her quadriplegia occurred as a result of the lack of a guardrail of sufficient length and strength to protect against a steep embankment, the failure of DOT employees to have eliminated the embankment if a proper guardrail was not to be provided and the failure to provide rumble strips and reflectors to alert motorists who leave the traveled portions of the roadway. Prior to the inci-

dent, the guardrail was reconstructed as a part of a bridge widening project; however, this was not a general program for upgrading guardrails. DOT replaced the guardrails which had to be removed for the bridge to be widened. The design plans included guardrail specifications. Appellant's expert, Mr. Roberts, opined that the guardrail at the location of the incident appeared to conform to design plans.

DOT contractors who performed certain improvement work on the embankment and guardrail were previously found to have no responsibility for the dangerous condition as their work was accepted by DOT employees. See generally *Bob v. Scruggs Co.*, 204 Ga. App. 375 (419 SE2d 100).

In Case No. A96A0980, appellant Emma Bob appeals from the grant of summary judgment to certain DOT construction, maintenance and design personnel and to Thomas Moreland in his capacity of state highway engineer.

In Case No. A96A0981, cross-appellants appeal from the denial of summary judgment to Floyd Hardy and Kim Fulbright, asserting their alleged negligent actions were not, as a matter of law, the proximate cause of Emma Bob's injuries, and appeal from the denial of the deceased William Johnson's motion to dismiss. *Held*:

### Case Nos. A96A0980, A96A0981

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). However, a grant of summary judgment must be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746).

### Case No. A96A0980

2. Appellant contends the trial court erred in granting summary judgment to Mr. Bullard, Mr. Burnsed, Mr. Walker, Mr. Senkbeil and Mr. Byrom, who were DOT construction personnel. As to appellees Mr. Bullard, Mr. Burnsed, Mr. Walker and Mr. Senkbeil, we find the holding in *Painter v. Sorrow*, 205 Ga. App. 775 (423 SE2d 684), although not directly in point, to be controlling. Assuming arguendo some of these appellees subsequently may have been placed on actual or constructive notice of the alleged defect in the design of the length and placement of the guardrail, to impose a legal duty on the part of these particular construction engineer/supervisors to redesign the length and placement of the guardrail would, in our view, " 'extend the duty of reasonable care beyond reasonable limits.' [Cit.]" Id. at 776. The trial court did not err in granting summary judgment in favor of these appellees. Mr. Byrom, the Director of Construction, testified as follows: He did not play a part in the design of the project;

although he stopped at the project sites, he does not believe he stopped at the site of this incident. Mr. Byrom testified that, although Director of Construction, he did not play any part or have any input in the design of the project as reflected in its plan, and he had no responsibility for determining the length of the guardrail at the incident site. His responsibility basically extended to seeing that the project was completed according to the plans. The standards for guardrail installation contained in the plans are separate from standards pertaining to the length of a guardrail. While a project plan contains detail as to the length of a guardrail at a bridge approach, it does not necessarily "spell out" the guardrail length required for the "extended fills on down the road." This latter information would normally be provided by "the design office." He further testified that it was DOT's design office which had the responsibility to determine the length of guardrail needed for the bridge's approach; Mr. Fulbright, Mr. Brisendine (also referred to in the record as Mr. Brizendine) and Mr. Hardy were in the design department at that time. Appellee Byrom met his burden under *Lau's Corp.*, supra; however, appellant/non-movant failed thereafter to carry her burden of going forward and pointing to specific evidence of record giving rise to a triable issue as to the scope of duty of appellee Byrom. Id. at 491. The trial court did not err as enumerated.

3. Appellant contends the trial court erred in granting summary judgment to these maintenance personnel: Mr. Hartley, district maintenance engineer, Mr. James, assistant area engineer in charge of maintenance, and Mr. Joyner, county maintenance foreman. This enumeration is without merit. There exists no genuine issue of material fact that these maintenance personnel were involved in any manner in the design of the guardrail in the bridge widening project, and appellant makes no such contention. The duty of maintenance personnel is to preserve what is there; it is not a part of daytime inspection to determine guardrail design requirements. Appellee maintenance personnel gave testimony by way of deposition which carried their burden under *Lau's Corp.*, supra, for establishing that they had no duty to engage in or review guardrail design requirements. See also *Ethridge v. Price*, 194 Ga. App. 82, 84 (3) (389 SE2d 784). Where, as here, the movants have carried their burden under *Lau's Corp.*, supra, the non-movant may not rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial. *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47); *Malaga Mgmt. Co. v. John Deere Co.*, supra at 767 (6). Appellant has failed to do this. Additionally, we decline, as a matter of law, to impose a duty on DOT highway maintenance personnel to redesign or report to DOT design personnel any proposals for the redesign of an existing guardrail in the absence of some evi-

dence that the maintenance personnel actually were involved in the design phase of the project at issue. " 'To impose such a duty on employees in the position of [these appellees] would, in our view, extend the duty of reasonable care beyond reasonable limits.' [Cit.]" *Painter v. Sorrow*, supra at 776; see also *Ethridge*, supra.

4. Appellant contends the trial court erred in granting summary judgment to Mr. Moreland, Commissioner of DOT from 1975 to 1987, and state highway engineer/chief engineer of DOT at the time plans pertaining to the project were signed with Mr. Moreland's name. Mr. Moreland gave unrefuted testimony by way of deposition that he did not sign his name to the plans. He also testified without contradiction that he did not perform any review of the plans, nor did he have any input as to the design of the roadway, the approach to the bridge or the guardrail. His signature on the plans, as state highway engineer, was merely the result of department custom. All duties with regard to the plans and design of the project were delegated by Mr. Moreland to other employees. " 'The rule of respondeat superior does not apply where public officers are sought to be bound by the negligence of subordinate officers or employees, unless there has been a failure to exercise due care in the selection of such subordinates, or the officers have actual knowledge of the negligent acts of their employees, and their knowledge, coupled with a refusal to correct or properly instruct such employees, amounts to a ratification of such negligent act.' [Cits.]" *Peavy v. Chavers*, 121 Ga. App. 354, 355 (1) (173 SE2d 749). Although Mr. Brisendine testified that Moreland's signature made the plans official, he also admitted that he did not know if Moreland personally signed the plans or whether someone else had signed his name. Although appellant's expert, Mr. Roberts, testified that the ultimate responsibility for what went on or what was failed to be done at the project site "would ultimately go up to Tom Moreland," he did not opine expressly that Mr. Moreland had any input as to the actual design of the project. Moreover, Mr. Roberts based his generalized opinion as to ultimate legal responsibility, an issue not beyond the ken of the average jury, substantially upon the fact that Mr. Moreland's signature was on the plans. At best, appellant has offered circumstantial evidence as to the overall responsibility of Mr. Moreland for approving the project plans; Mr. Moreland, on the other hand, has given direct testimony that he had delegated all design responsibilities to other employees, did not have any input as to project design, had not personally reviewed the plans and had not placed his signature to the plans. In passing upon a summary judgment motion, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. *Rowell v. McCue*, 188 Ga. App. 528, 531 (373

SE2d 243). Moreover, appellee Moreland carried his burden under *Lau's Corp.*, supra; the burden of going forward then shifted to appellant, as non-moving party, to point to specific evidence giving rise to a triable issue. *Lau's Corp.*, supra; compare *Precise*, supra at 212 (3). This appellant failed to do. There is no genuine issue of fact established by the record that Mr. Moreland's duties included the actual design or construction of the roadway project. See *Ethridge*, supra at 84 (3). The trial court did not err in granting summary judgment in favor of Mr. Moreland.

5. Appellant contends the trial court erred in granting summary judgment to Mr. Brisendine and Mr. Pierce. These appellees were never served with process in this suit. The senior assistant attorney general representing DOT filed a motion for summary judgment which sought, inter alia, a motion for summary judgment on behalf of Mr. Brisendine and Mr. Pierce asserting the cause of action against them was "barred by the statute of limitations." However the trial court, apparently considering that portion of the motion according to its substance rather than its nomenclature (see generally *Cain v. Moore*, 207 Ga. App. 726, 727 (2) (429 SE2d 135)), ordered appellees Mr. Brisendine and Mr. Pierce to "be dismissed on the ground of insufficiency of service of process." Compare *Cheshire Bridge Enterprises v. Lexington Ins. Co.*, 183 Ga. App. 672, 674 (2) (359 SE2d 702). Notwithstanding the nature of the trial court's ruling, appellant crafted his enumeration of error to assert that the trial court erred in granting these appellees summary judgment "on the ground that the statute of limitations had expired." This tailored enumeration does not reasonably encompass a claim that the trial court erred in dismissing appellees from the suit on the ground of insufficiency of service of process, the separate ground relied upon by the trial court. " 'On appeal an enumeration of error cannot be enlarged by (a) brief to give appellate viability to an issue not contained in the original enumeration.' [Cit.] One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold. [Cits.]" *Crotty v. Crotty*, 219 Ga. App. 408, 410 (3) (465 SE2d 517). The insufficiency of service issue has not been preserved on appeal.

## Case No. A96A0981

6. Genuine issues of material fact exist whether cross-appellants Mr. Hardy and Mr. Fulbright of the DOT design office were liable for cross-appellee's injuries. The posture of the record does not establish by clear, plain, palpable and undisputed evidence that no genuine issue of material fact exists as to one or more essential elements of proof as to the claims against Mr. Hardy and Mr. Fulbright. See gen-

erally *Lau's Corp.*, supra. "In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843). A reasonable inference to be drawn from the driver's testimony is that he was traveling less than 55 mph when the incident occurred. Cross-appellee's experts expressed opinions which provided a sufficient basis, when examined under *Lau's Corp.* standards, to support the trial court's denial of summary judgment to cross-appellants. It is well settled that "opinion evidence can be sufficient to preclude the grant of summary judgment." *Mitchell v. Rainey*, 187 Ga. App. 510, 513 (370 SE2d 673). No legal basis exists to depart from the general rule that " ' "[q]uestions of negligence and proximate cause are peculiarly questions for the jury except in clear, plain, palpable and undisputed cases." ' [Cits.]" *Horney v. Lawrence*, 189 Ga. App. 376, 377 (3) (375 SE2d 629). The trial court did not err in denying cross-appellants' summary judgment motions.

7. As cross-appellee/plaintiff voluntarily dismissed Mr. Johnson from the suit prior to the trial court's order denying the deceased Johnson's motion to dismiss, we find that cross-appellants' enumeration of error as to this matter is moot.

*Judgments affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED AUGUST 8, 1996 —
RECONSIDERATION DENIED AUGUST 20, 1996 —

*Barham & Dover, J. Carol Sherwood, Jr., Berrien L. Sutton*, for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Eric A. Brewton, Carlton L. Kell, Assistant Attorneys General*, for appellees.