### 15487.   FOWLER *v.* THE STATE.

A conviction of gaming was not authorized by the evidence.
                    DECIDED MAY 15, 1924.

Accusation of gaming; from city court of Barnesville—Judge Redding.  February 9, 1924.

*Claude Christopher*, for plaintiff in error.

*Herman M. Johnson, solicitor,* contra.

BROYLES, C. J.  The defendant was convicted of playing cards for money. The only witness for the prosecution testified that he looked through the window of a house and saw the defendant and two other persons inside the house, engaged in a game of cards, and that they were gambling. The statement that they were gambling was of course, a conclusion of the witness, based upon what he saw (he heard nothing). The only facts positively proved against the defendant were that he and two other persons were playing cards and that each of them "had" money. It was not shown where the money was—whether in their hands, in front of them, or in their pockets. The witness did not testify that he heard any bet made, or that he saw any money put down or taken up by any of the men engaged in the game of cards, although he swore that he saw the defendant "win one time." The witness testified also that the three men ran and escaped when he forced open the door to the house and fired a pistol. The defendant in his statement to the jury admitted that he was playing cards, but

denied that he was gambling, and two other witnesses (the only persons not playing cards in the room where the alleged gambling was going on) corroborated the defendant's statement. The evidence for the State was sufficient to raise a strong suspicion that the defendant and his companions were gaming, but, as was said by Judge Russell in *Griffin* v. *State, 2 Ga. App.* 534, 535 (58 S. E. 139) : "The law does not authorize conviction upon suspicion, no matter how violent, nor relax the rule laid in the Penal Code [of 1895], § 984 [Penal Code of 1910, § 1010], for the mere reason that gambling is detestable, that gamblers should be punished, and that proof of guilt is hard to obtain. The same rule applies to gaming as to all other offenses. 'To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused.' Circumstances which authorize a mere conjecture of guilt are not sufficient to warrant a conviction, and the evidence, when entirely circumstantial, should connect the defendant with the criminal act."

It follows from what has been said that the defendant's conviction was unauthorized by the evidence, and that the court erred in overruling the motion for a new trial.

*Judgment reversed. Luke, J., concurs.*

BLOODWORTH, J., dissenting. I think the evidence amply sufficient to support the verdict.