38714. HODGES v. THE STATE.

TOWNSEND, Presiding Judge. The only evidence supporting the conviction of maintaining a lottery as against this defendant, in addition to general testimony as to the manner of operating a lottery, was that the defendant's mother and brother were in certain premises in which lottery equipment was found, some of which they had attempted to destroy; during the time police officers were in the room there were four telephone calls which the defendant admitted making; on the first call he said, "Are you ready?" and then asked who was talking; on the second call he "hung up on her"; on the third he said he was having car trouble and would "hitch a ride with Santa Claus and get there by Christmas," and on the fourth he asked the police officers to remove their car, which he said was

blocking his driveway, after which he added that "he was standing right behind me and could touch me on the shoulder." In addition there was testimony that the room had been rented to the defendant's brother under an assumed name, that the defendant had been seen visiting his brother the day previously, and that about a week before that he had been seen driving his mother to a point three or four houses away, after which she had walked back to the address where the arrest was made, and that he had come by again about 15 minutes later, honked his horn, and waited for his mother and brother to come out of the house and get in the car. He was seen in the neighborhood, about 150 feet from the street in question. On the morning the arrest was made, this defendant circled the area twice, staying about a block away, but left before he was apprehended. That afternoon another officer chased an automobile which he had seen running a stop sign; the driver refused to stop and after being run up a dead-end street jumped from the car and fled but was captured; he proved to be this defendant. No lottery paraphernalia were found in the automobile.

Giving the evidence a construction most favorable to the verdict it must be inferred that the defendant delivered and picked up his mother and brother at an address where lottery operations were under way; that on the morning of the arrest he telephoned his mother after leaving her at the house, and that he was aware almost immediately that the persons with whom he was talking were police officers, or at least were not the persons he was attempting to contact; that his conduct and language were suspicious, and that he made every effort to avoid being placed under arrest. While *Williamson v. State,* 57 Ga. App. 636 (196 S. E. 97) is cited in support of the conviction based upon circumstantial evidence, examination of the facts in the two cases clearly shows that the evidence here fails to measure up to the standard there set. The acts of the defendant in that case were connected directly with lottery operations; the acts here only connect this defendant with people shown by other evidence to be themselves engaging in lottery. The evidence is wholly circumstantial, and is insufficient to form the basis of a conviction. *Griffin v. State,* 2 Ga. App. 534 (2) (58 S. E. 781); *Stanger v. State,* 102 Ga. App. 561 (116 S. E. 2d 898).

286

The Judge of the Superior Court of Fulton County erred in denying the petition for certiorari from the conviction in the Criminal Court of Fulton County.

*Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED MARCH 8, 1961.

*A. Tate Conyers,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe, E. L. Tiller, Assistant Solicitor-General,* contra.