## 54633. DENHAM v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of possession of heroin. The state's evidence presented to the jury was that an experienced narcotics officer, driving through a

predominantly black neighborhood, saw a young white man sitting in the driver's seat of a parked car. Because the driver seemed nervous, the officer called for other officers to maintain surveillance on the car he had seen. Shortly thereafter, he received a call informing him that the car was moving in his direction. He got behind it and turned on his siren to stop the car and check the identities of the occupants, having noticed that there was now a passenger in the car. The police car he drove was unmarked and had no flashing lights. The witness testified that when he turned on the siren and motioned for the car in front to pull over, it accelerated. The passenger turned around, looked at the officer, turned toward the door window and began to stuff something into the car door through the opening for the window. The car ahead continued for some four blocks, then made a right turn, without stopping for a stop sign, and pulled over to the curb. The witness, assisted by other officers who arrived after the car had stopped, took the occupants out of their vehicle and looked into the space into which he had seen the passenger stuffing something. He saw some plastic bags and removed the door panel to get out the twelve small bags he found there. It was stipulated that the contents were heroin and that the appellant was the driver. At the close of the state's evidence, appellant made a motion for a directed verdict of acquittal. He enumerates as error the denial of that motion and we agree.

1. The evidence of appellant's guilt is circumstantial. There is no direct evidence that he had any control (possession) or even knowledge (constructive possession) of the contraband. The only direct evidence was that he looked nervous, was present when another committed a crime, and fled from the police. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109. Presence at the scene of a crime and flight from authority, together, are not sufficient to support a conviction. *Griffin v. State,* 2 Ga. App. 534 (58 SE 781); *Hodges v. State,* 103 Ga. App. 284 (118 SE2d 858) (connection with persons committing crime, suspicious behavior, and flight not

sufficient to support conviction). See also *Greeson v. State,* 138 Ga. App. 572 (4) (226 SE2d 769), affd., *State v. Greeson,* 237 Ga. 193 (2) (227 SE2d 324) (proof that defendant transported co-defendant who was in possession of drugs to place where drug transaction occurred not sufficient to support conviction; error to deny directed verdict for defendant).

2. The state argues that *Neal v. State,* 130 Ga. App. 708 (204 SE2d 451) controls and requires us to hold that the evidence here was sufficient. However, the defendant there was arrested while alone in the front seat of a car where drugs were in plain view. Here the evidence shows only that appellant was driving a car in which a person who possessed heroin rode. The officer testified that the passenger ". . . turned around in the seat . . . toward the outside of the car, toward the street . . ." and had his back to the driver. That testimony is not sufficient to establish appellant's knowledge of the presence of the heroin.

The evidence presented to the jury, though consistent with the hypothesis of guilt, was not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused. It was, therefore, error to deny appellant's motion for a directed verdict of acquittal.

*Judgment reversed. Bell, C. J., Webb, Smith and Birdsong, JJ, concur. Deen, P. J., McMurray and Banke, JJ., dissent. Quillian, P. J., not participating.*

ARGUED OCTOBER 11, 1977 — DECIDED DECEMBER 1, 1977 — REHEARING DENIED DECEMBER 16, 1977 — 

*Martin, Kilpatrick & Davidson, Frank K. Martin,* for appellant.

*E. Mullins Whisnant, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.

BANKE, Judge, dissenting.

I cannot agree that the evidence in this case did not authorize the inference that the appellant knew that heroin was present in *his* automobile. He was, after all, sitting next to his companion as the latter stuffed the 12 plastic bags into the car window. It defies reason to

imagine that the appellant was oblivious to this activity. Furthermore, it appears from the officer's testimony that the appellant took evasive action only long enough for the process of hiding the heroin to be completed, whereupon he stopped the car. Viewed in their totality, these circumstances evidence more than mere presence at the scene of a crime and subsequent flight. They also evidence a direct connection between the appellant and the crime being committed in his vehicle. For this reason, *Greeson v. State,* supra, and the other cases cited by the majority are inapposite.

I find that the evidence, when construed in support of the jury's verdict, as we are required to do on appeal, excludes every reasonable hypothesis other than the accused's guilt. Consequently, the jury's verdict was fully authorized and should be upheld.

I am authorized to state that Presiding Judge Deen and Judge McMurray join in the dissent.