## 54862. LUNSFORD v. THE STATE.

McMURRAY, Judge.

Defendant Lunsford and two other individuals were jointly indicted for the offense of felony of theft by taking property of the value of more than $200 from a retail store with the intention of depriving the owner thereof. The criminal offense involved a scheme to defraud the store in which one of the co-indictees, an employee of the store, would sell merchandise far below value as the merchandise was checked out at the cash register. Security officers at the store received information to be on the lookout, and given a description, for a white male and a white female who would be coming into the store and would check out at co-indictee Whiten's counter. The suspects who fitted the physical description were observed in the store as they started putting articles into their shopping cart, thereafter emptying the shopping cart on the counter of the employee co-indictee and as the items on the register were tabulated; and a $5 bill presented for the items whose value was over $200. The two suspects were then apprehended outside the store and taken to the security office. The employee co-indictee was also taken into the security office.

The two co-indictees entered pleas of guilty to the charge of theft by taking. We are here involved only with the male defendant (Lunsford) who was along with the

female companion as she presented the $5 and received the merchandise worth more than $200. Both of these co-indictees testified for the defendant. The co-indictee Campbell, who had paid for the merchandise, testified positively that the defendant had no knowledge of the scheme to defraud the store, that he was only along to assist her in shopping. The employee co-indictee testified that she had met this defendant on two occasions, that she did not know whether he knew of the transaction in which she and the co-indictee Campbell were seeking to defraud the store.

Defendant was convicted and sentence imposed of three years (one year in confinement and two years on probation). Defendant appeals. *Held:*

1. The defendant here had assisted the female co-indictee in loading the merchandise from the shelves, unloading same at the check-out counter and then pushed the cart filled with merchandise outside the store. Under Code § 26-802 even though he did not directly commit the crime he could be indicted, tried, convicted and punished. Under this evidence the jury would be authorized in finding that there was knowledge that a crime was being committed. *Moody v. State,* 126 Ga. App. 108, 110 (189 SE2d 889). Compare *Huncke v. State,* 137 Ga. App. 299 (223 SE2d 492). The evidence was sufficient to authorize the jury as trier of fact to convict the defendant. The first five enumerations of error dealing with the denial of the motion to direct a verdict in favor of defendant and contending the evidence was insufficient to support the verdict and the verdict was contrary to law and the evidence are not meritorious.

2. During the cross examination of a state's witness who was present when the co-indictee Campbell allegedly told this witness that the defendant was not involved, he testified that she did not so tell him. The question was then asked, "Do you recall whether or not she did?" The answer was, "What she said was that she didn't want him to go to jail and then she went on to say that he was on probation from Reidsville." Whereupon, counsel for defense moved for a mistrial contending the answer was irrelevant and placed the general character of the defendant in issue. Defendant by brief cites the case of

448

*Brown v. State,* 118 Ga. App. 617 (165 SE2d 185). However, this answer was not elicited improperly by the state but by the defendant. See *Ramey v. State,* 238 Ga. 111, 112 (2) (230 SE2d 891); *Jones v. State,* 139 Ga. App. 643 (1) (229 SE2d 121). The trial judge did not abuse his discretion by refusing to grant a mistrial.

It is also noted that the trial judge instructed the jury to disregard the statement regarding probation and specifically asked the jury members to nod their heads affirmatively if they could disregard it. All twelve jurors then nodded affirmatively.

3. The court did not err in charging the substance of Code §§ 26-802, 26-603 and 26-604, along with other sections involving the criminal law with reference to parties to a crime, presumptions of law as to the conduct of persons, and consequences of one's acts. The court did not assume by giving such instructions that the defendant committed the crime. However, after giving the various Code sections with reference to the laws involved herein the court then charged the jury that, "the mere presence of one where a crime is being committed without any evidence to further show participation in that crime, directly or indirectly, is insufficient upon which to base a conviction." He then advised the jury that this is a matter for you to determine "and only you." There is no merit in this complaint. Under no circumstances were these instructions, as to the law involved, burden-shifting under *State v. Moore,* 237 Ga. 269 (1) (227 SE 2d 241).

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Webb, Shulman and Birdsong, JJ., concur. Banke, J., concurs specially. Smith, J., dissents.*

ARGUED OCTOBER 31, 1977 — DECIDED MARCH 9, 1978 — REHEARING DENIED MARCH 30, 1978 — CERT. APPLIED FOR.

*Douglas R. Haynie,* for appellant.
*Thomas J. Charron, District Attorney, Sallie G. Thompson, Assistant District Attorney,* for appellee.

BANKE, Judge, concurring specially.

While I concur fully with all that is said in Judge McMurray's opinion, I feel it should be pointed out that appellant in his brief relies heavily upon his enumeration of error No. 3, which states, "The verdict is strongly against the *weight* of the evidence. . ." (Emphasis supplied.)

A reading of the transcript clearly shows the evidence to be overwhelmingly sufficient. In the final analysis, it boils down to the question as to whom or what the jury will believe. The jury determines credibility. They *weigh* the evidence. This court cannot and should not rehash and reweigh the evidence. Evaluating the weight of the evidence addresses itself to the discretion of the trial court, not this court. Code § 70-206. *O'Quinn v. James,* 127 Ga. App. 94 (192 SE2d 507); *Kramer v. Hopper,* 234 Ga. 395 (216 SE2d 119).

SMITH, Judge, dissenting.

I would reverse.

To my way of thinking this case is controlled by *Denham v. State,* 144 Ga. App. 373 (1978). The facts in the *Denham* case, supra, were as follows:

Denham was observed sitting in the driver's seat of an automobile and acting nervous. The policeman observing him called to others to keep surveillance on the car. Shortly thereafter a call came in that the car was moving in his direction. When the officer fell in behind he noticed there was now a passenger in the car. He turned on the siren to stop the car to check identities. When the officer sounded the siren the driver accelerated and the passenger turned around, looked at the officer following, then turned toward the door window and began stuffing something through the opening for the window. The car continued for four blocks, and without stopping, turned right at a stop sign, then pulled over to the curb. When the officer looked into the space between the door and window glass he saw plastic bags. He removed the door paneling and found twelve small bags of heroin.

In comparing the above facts with the facts in this case before the court, I find a remarkable similarity as to proof.

Lunsford was a friend of Linda Gail Campbell, a co-indictee in this case. Campbell and her husband were separated and were in the process of getting a divorce. Having her three children living with her, Campbell suffered financial difficulty. To obtain money, Campbell collaborated with a friend, Kim Whiten, who was a cashier at Richway in Cobb County. On occasions prior to April 29, 1976, Campbell selected merchandise at Richway in Cobb County, and with Whiten's cooperation, paid substantially less than the market value for it. She would then go to another Richway store and exchange the merchandise for money. She testified that she did this because she was not able to care for her children and herself otherwise.

On April 29, 1976, Campbell came to Richway in Cobb County, loaded a shopping cart with over $200 worth of merchandise, and checked out at Whiten's counter paying less than $5 for the merchandise. On this occasion, Campbell borrowed Lunsford's car to go to Richway. Despite Campbell's insistence that Lunsford not go along with her, Lunsford did go because he had been having mechanical trouble with his car, and he did not think Campbell should go off in the car alone. Campbell and Whiten both testified that Lunsford was not aware of their shoplifting scheme, although, Campbell said, her husband did know about it. Likewise, Lunsford testified that he knew nothing about this type of shoplifting operation and was innocent. On the morning of April 29, 1976, someone called the Richway store in Cobb and tipped them off that a man and a woman would be in there that day to shoplift in the manner described above. Campbell testified that the tipster had to be her husband, as he and she were the only two people other than Whiten who knew about it. She believed that he was mad at her because of her friendship with Lunsford, and he was therefore out to get them. Campbell and Lunsford went into Richway and shopped around the store, loading the cart with various kinds of merchandise. None of it was for Lunsford, and the evidence showed he helped select some albums and held up some blue jeans at one place. Otherwise, all he did was push the cart. Campbell checked out at the counter where Whiten worked, handing her $5

for the merchandise valued at over $200, and receiving some change in return. While this happened, Lunsford was at the rear of the cart, to the side of the cash register and Campbell was in front of the cart. Lunsford stated that he could not see what was registered on the cash register and he did not know what amount was rung up for the sale. The merchandise was bagged and placed in the cart with Lunsford's assistance. Lunsford pushed the cart out the door, and he and Campbell were then arrested. Lunsford, Campbell, and Whiten maintained from the beginning that Lunsford was innocent and did not know that the two women were working such a deal; Campbell said she explained to Lunsford that she was purchasing the merchandise with her income tax refund. In the course of her being questioned, Campbell stated about Lunsford "that she didn't want him to go to jail," and then she went on to say that "he was on probation from Reidsville."

Both Campbell and Whiten pled guilty. Campbell was sentenced to two years probation and fined $250. Lunsford was sentenced to three years, one to serve and two on probation.

The evidence of Lunsford's guilt is circumstantial. The state did not produce any direct evidence that he was a party to or knew of the scheme that Campbell and Whiten were using to steal the merchandise belonging to Richway. The only direct evidence produced by the state was the statement made by Campbell, which, under the circumstances, was logical and is proof of nothing but the fact he was present at the scene of a crime. The fact that Lunsford pushed the cart (he said his leg was just out of a cast and he used the cart to help him walk) and placed some items in the cart and helped unload it is not an unusual procedure for anyone helping another shop, or for a man helping his girl friend. Lunsford's mere presence under these circumstances does not make him guilty of a crime even though Campbell was committing one. *Brackett v. State,* 142 Ga. App. 601 (236 SE2d 689) (1977); *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654) (1969). The fact that a tipster, possibly Campbell's husband, reported the pending crime to Richway is no proof that Lunsford was in on the illegal taking.

Code § 38-109 states, "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."*Hodges v. State,* 103 Ga. App. 284 (118 SE2d 858) (1961) holds that evidence showing no more than the defendant's association with persons committing a crime, his suspicious behavior, and his efforts to avoid arrest, is not sufficient to support a conviction. See also *State v. Greeson,* 237 Ga. 193 (2) (227 SE2d 324) (1976) where the Supreme Court held that proof that one defendant transported a co-defendant, who was in possession of drugs, to the place where a drug transaction occurred was not sufficient to support a conviction, and it was therefore error to deny the first defendant's motion for a directed verdict.

As this court stated in *Denham v. State,* supra, 375, "that testimony is not sufficient to establish appellant's knowledge of the presence of the heroin"; similarly, I believe in this case that the evidence was not sufficient to establish that Lunsford knowingly participated in the theft of the merchandise from Richway, and, under the holding in *Denham,* the conviction should be reversed.

The majority in Division 1 of its opinion states that, "under Code § 6-802 even though he did not directly commit the crime he could be indicted, tried, convicted and punished." But even under this principle, the state's evidence must establish, at the minimum, proof of indirect involvement in the crime. The only proof of either direct or indirect involvement was circumstantial, and this circumstantial evidence, though consistent with the hypothesis of guilt, was not sufficient to exclude every reasonable hypothesis of innocence. For the evidence established a very reasonable hypothesis which would explain Lunsford's conduct; i.e., he unwittingly and unknowingly accompanied Campbell on her discreet shoplifting adventure. For this reason, I believe it was error to deny Lunsford's motion for directed verdict of acquittal.