## 34226. JONES v. THE STATE.

HILL, Justice.

Terri Jean Jones was tried with Raymond Burgess for the murder of Danny Earl Cotton. The basic facts of the case are recited in *Burgess v. State,* 242 Ga. 889. Jones' defense was that although she was with the three males before, during and after the murder, she did not participate in it.

1. Defendant's first enumeration of error is that her motion for a new trial on the general grounds should have been granted. She argues that there was no evidence that she participated in the criminal conduct. The jury was authorized to find, however, that Jones knew from the outset that one or more of the men was armed, that she rode with them while they planned an armed robbery of a couple in a motel room, that although she may have declined to aid the robbers in getting into the motel room, she acted as a lookout and hung around the motel about 15 minutes while this crime was committed by the other three, that she then re-entered the car and left the motel with her companions, that she stayed in the car throughout the robbery at the gas station and the kidnapping of the victim and his companion, that she got out of the car and watched while the one victim was shot and killed, and that after she fled the scene of the murder with the men, she did not attempt in any way to inform the police of her knowledge of the night's events until after she was arrested 2 weeks after the murder. In her statement, defendant admitted telling one of her companions as they separated the next morning that she knew "we would all probably go to jail."

Citing *Thornton v. State,* 119 Ga. 437 (46 SE 640) (1903), defendant urges that mere presence at the scene of the commission of a crime is not sufficient to convict a witness of being a party to the crime. However, that opinion goes on to say (119 Ga. at 439): "And it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." Defendant was either a party voluntarily participating in the crime or she was coerced into doing so,

inasmuch as she was neither the victim nor an innocent bystander. The jury was not required to accept the declaration in her statement that she opposed the two robberies. *Mathis v. State*, 242 Ga. 761 (1) (1978). The jury found her to be a participant and the evidence of her conduct before, during and after the offense is sufficient to sustain the jury's verdict. It was not error to overrule her motion for new trial on the general grounds.

It follows that it was not error to overrule the defendant's motion for directed verdict. *Mitchell v. State,* 236 Ga. 251 (4) (223 SE2d 650) (1976).

2. Defendant's second enumeration of error is that evidence of the motel robbery should not have been admitted against her because there is no evidence that she participated in that crime and because there was no similarity or connection between that crime and the crime for which she was on trial. *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976). Defendant argues that the only evidence of participation by her in the motel robbery was one comment by her co-defendant[1] and her own admission that she was with the men, that they asked her to participate by knocking on a door and saying "room service" and she refused, that she got out of the car when they did and merely hung around while the crime was committed and that when she left the scene with them, she asked to be taken home. Contrary to defendant's contentions, it was not necessary for the state to prove here that she was a party to the motel robbery. Evidence as to her conduct surrounding the motel robbery was admissible to show defendant's bent of mind in the subsequent events. *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). We find the evidence of the motel

---

[1]Her co-defendant testified that he was unaware a robbery was planned and that when he stopped the car at the motel, defendant got out of the car along with the men. He stated that she got out of the car "like she knowed what was going on, so I got the impression something went down before they came over to my house to get me." We do not consider this "opinion" by the co-defendant in deciding this issue.

robbery was admissible to show that defendant knew her companions were engaged in a robbery spree, and that after learning of this she did not remove herself when she had an opportunity to do so but remained with them as they planned and carried out the next robbery. The evidence was material as to her participation in the filling station robbery and kidnapping and hence was pertinent to the charge of felony murder.

3. Defendant enumerates as error the trial court's denial of her motion for severance. In view of our determination (above) that evidence of the motel robbery was admissible against this defendant, we find that the trial judge clearly did not abuse his discretion in overruling the motion to sever. *Orkin v. State,* 236 Ga. 176, 193 (223 SE2d 61) (1976); *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975).

4. Defendant enumerates as error the trial court's failure to take corrective action following a remark in closing argument by co-defendant Burgess' attorney commenting on defendant's statement to police: "Now I didn't have a right to cross-examine Miss Jones, and she didn't have a right to. . ." At that point, defendant's counsel asked that the jury be excused and moved for a mistrial. The trial court instructed Burgess' attorney not to comment further as to defendant's availability for cross examination, and informed defendant's attorney that he would charge the jury that no inference could be drawn from her failure to testify. He did not rebuke Burgess' counsel in the presence of the jury. We find that the trial court's actions were appropriate and that the trial court did not err in not granting a mistrial. A rebuke of counsel in the presence of the jury would have high-lighted counsel's error as much as the cure, to this defendant's detriment, and was not required under these circumstances.

5. Defendant's fifth enumeration of error is that the trial court erred in not charging that certain evidence was used for impeachment purposes only and was not probative evidence. The state called coindictee Michael Dixon who had pled guilty and had testified at Michael Booker's trial two weeks earlier. After taking the stand at the trial of the case under review, Dixon couldn't

remember anything about the murder or his earlier testimony except his own involvement. He said he could not remember what any of his coindictees did. The state sought to refresh his recollection or to impeach him by reference to his earlier testimony which had not been transcribed at that time. When the state's quotations from the earlier testimony were challenged here by defense counsel, the court reporter read from his notes from the earlier trial.

Defendant argues that it was incumbent upon the trial court, without request, to instruct the jury that the excerpts from Dixon's prior testimony were admitted for the limited purpose of impeachment and could not be considered by the jury as evidence of guilt. Where evidence has been admitted for a limited purpose, it is not error for the court to fail to instruct the jury to limit its consideration of such evidence to the limited purpose for which it was admitted in the absence of a request to so instruct the jury. *Harrell v. State,* 241 Ga. 181 (2) (243 SE2d 890) (1978); *Jackson v. State,* 204 Ga. 47 (3) (48 SE2d 864) (1948). Moreover, much of the testimony objected to was cumulative of other evidence admitted without limitation and hence was available for consideration by the jury.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1978 — DECIDED JANUARY 4, 1979.

*Nancy Rogers Thomas,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Staff Assistant Attorney General,* for appellee.