## 61259. SLACK v. THE STATE.

CARLEY, Judge.

Appellant and co-defendant, Robert Armstead, were convicted by a jury of credit card theft. Following the denial of her amended motion for new trial, appellant brings this appeal from the judgment and sentence entered on the jury verdict.

Appellant asserts seven enumerations of error, the majority of which revolve around an alleged fatal variance between the allegata and the probata. The pertinent portions of the indictment read as follows: "The Grand Jurors . . . for the County of DeKalb . . . charge and accuse Robert Leroy Armstead and Gloria Jean Slack with the offense of Credit Card Theft for that said accused, in the County of DeKalb and State of Georgia, on the 12th of March, 1979, did withhold from the person, possession, custody and control of William L. Cogdill, a Master Charge Credit card, without the consent of William L. Cogdill, to whom the card was issued. . ."

The evidence adduced at trial would authorize the jury to find as follows: Mr. Cogdill, the cardholder and a nonresident of this State, was visiting Atlanta on the weekend of March 9-11, 1979. On March 10, 1979, Mr. Cogdill discovered that his billfold and the Master Charge credit card which he carried therein were missing. Neither appellant nor co-defendant Armstead had Mr. Cogdill's permission to use this card.

On March 12, 1979 appellant and co-defendant Armstead were observed together in various parts of Rich's department store located at South DeKalb Mall, DeKalb County, Georgia. Armstead entered the men's shoe department and purchased a pair of shoes and shoe polish by producing Mr. Cogdill's credit card and signing Cogdill's name to the sales ticket. Although appellant did not accompany Armstead as he entered the shoe department, she did "approach" him for a period of 5-10 seconds and then she exited. After putting the new shoes on, and placing the old shoes in the new shoe box, Armstead also left the shoe department. The pair was next observed as they entered the men's clothing department. Armstead set down the white Rich's bag he was carrying, selected several pairs of slacks and entered the dressing room. In the meantime appellant picked up the bag which Armstead had been carrying and began browsing around other areas of the men's department. Armstead emerged from

the dressing room and purchased three pairs of slacks by using Mr. Cogdill's credit card. As Armstead was approached by a security guard, appellant, who was still carrying the white bag, walked hurriedly out of the department. Armstead and the security guard began an argument which resulted in Armstead being chased through the mall. Armstead managed to elude the security personnel pursuing him and appellant, who had walked off, could not be located in the mall. A short time later, however, police officers spotted appellant driving in the mall's parking lot. After evasive measures which could be construed as an attempt to elude the officers, the car was stopped. Armstead was discovered lying on the front seat of the car and attempting to hide by covering himself with a coat. The white bag, shoe box, and sales slip for the shoes were found in the trunk of the vehicle being driven by appellant.

1. Enumeration of error 1, 2 and 3 deal with assertions of improper venue and an alleged fatal variance between the indictment in this case and the proof at trial. Since, under the circumstances of this case, the determination as to whether venue was properly laid in DeKalb County is dependent upon the viability of the allegata/probata contentions, these three enumerations will be considered together.

The offense for which appellant was indicted and tried was proscribed by former Code Ann. § 26-1705.2 which reads, in pertinent part, as follows: "(a) A person is guilty of credit card theft when: (1) He takes, obtains or withholds a credit card from the person, possession, custody or control of another without the cardholder's consent or *who, with knowledge that it has been so taken, obtained or withheld, receives the credit card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder....*" (Emphasis supplied.)

Appellant's main contention is that she was charged with the crime defined by the first unemphasized part of this Code section but the proof — if it showed anything — showed a violation of the latter emphasized part of the Code section. Stated otherwise, appellant urges the alleged fatal variance results from the fact that the evidence at trial dealt exclusively with the *use* of the credit card rather than the actual theft thereof as she contends was charged in the indictment.

Appellant's contention is based upon the faulty premise that the act of *withholding* a credit card as charged in the indictment is equivalent to the act of actually taking or obtaining a credit card from the rightful holder. Former Code Ann. § 26-1705.2 (a) (1) sets forth four distinct acts by which credit card theft may be committed: 1) taking, 2) obtaining, or 3) withholding a credit card from the person, possession, custody or control of another without the cardholder's

consent, or 4) by receiving the credit card with the knowledge that it has been so taken, obtained or withheld with intent to use it or sell it, or transfer it to a person other than the issuer or the cardholder. It is not difficult to envision a situation where an individual comes into possession of a credit card, without having actually stolen it, and without consent "withholds" the card from the person, possession, custody or control of the owner. That is the situation in the instant case, where, pretermitting *how* they obtained possession of Mr. Cogdill's credit card, appellant and her co-defendant had it in their possession and "withheld" it from him by using it without his consent. The word "withhold" is defined as "[t]o retain in one's possession that which belongs to or is claimed or sought by another." Black's Law Dictionary, 1437 (5th Ed. 1979). Evidence of recent unexplained possession and use of a stolen credit card is sufficient to support a conviction for theft by "withholding" it from its rightful owner. Cf. *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251) (1975). Appellant and her co-defendant were not charged with credit card theft by taking or obtaining the credit card from Mr. Cogdill. Rather the indictment specifically charges them with credit card theft by withholding it from Mr. Cogdill without his consent.

Accordingly, appellant's contentions that the state failed to prove venue of the crime charged and that a fatal variance existed between the allegata and probata with respect to the crime charged are without merit. These contentions are based upon the fact that the proof at trial showed that the actual taking of the card from Mr. Cogdill probably occurred on March 10, 1979, in Fulton County, Georgia. However, as previously discussed appellant is not charged with the actual *taking* of the credit card but with the offense of credit card theft by *withholding* the card from its rightful owner. The evidence adduced at trial showed that on March 12, 1979, Mr. Armstead, accompanied by appellant, had in his possession and, in fact, used Mr. Cogdill's card without consent to purchase merchandise from Rich's department store located in DeKalb County, Georgia. This evidence of possession and use without consent was sufficient to establish the act of "withholding" on the date and at the location alleged in the indictment. We believe that the indictment clearly informed appellant of the charges against her and we find no reason why it could have prevented appellant from preparing her defense or have resulted in appellant's being surprised by the evidence offered at trial. See *De Palma v. State,* 225 Ga. 465, 469 (3) (169 SE2d 801) (1969).

For the foregoing reasons enumerations of error 1, 2 and 3 are without merit.

2. Appellant next asserts that reversible error occurred when

the trial judge charged the entire Code Ann. § 26-1705.2 (a) (1). "It is not usually cause for new trial that an entire Code section is given. [Cits.] This is so even though a part of the charge may be inapplicable under the facts in evidence. [Cits.]" *Keller v. State,* 245 Ga. 522 (265 SE2d 813) (1980); accord, *Bagley v. State,* 153 Ga. App. 777 (266 SE2d 804) (1980).

Relying upon the rationale expressed in *Walker v. State,* 146 Ga. App. 237, 243 (2) (246 SE2d 206) (1978) appellant contends "[t]he instructions misled the jury into the false belief that they could convict on a charge not specified in the indictment." We believe that *Walker v. State,* supra, is distinguishable from the instant action and, accordingly, that appellant's reliance thereon is misplaced. In *Walker* the defendant was indicted for committing theft by "wrongfully taking" the property of another under Code Ann. § 26-1802 (a). However, the trial judge charged the entire section defining the offense of theft by taking stating that it could also be proved by showing "unlawful appropriation" of the property of another of which the defendant had lawful possession. This was followed by the specific charge that the jury could convict the defendant if he "intentionally withheld" the property from the owner. This court's finding that the instructions were misleading and erroneous as a matter of law was based upon a combination of two factors: 1) following the charge to the jury of the entire Code section, no later instruction limiting the findings to that alleged in the indictment was given; and 2) the subsequent charge, in fact, permitted the jury to convict if they found proof of "unlawful appropriation," a form of theft not alleged in the indictment.

In the instant case the possibility that the charge misled or confused the jury to appellant's prejudice is not so readily apparent. The trial court read the allegations of the indictment and instructed the jury that "the indictment will be out with you during the course of your deliberation so that you may better inform yourselves of the *specific charges* against the defendant." Thereafter, the trial judge read Code Ann. § 26-1705.2 (a) (1) in its entirety. While it certainly would have been preferable for the trial court to "return to the allegation contained in the indictment" following the giving of the general Code section in its entirety, the failure to do so in the instant case was not likely to mislead the jury into believing it could convict appellant should they find the evidence supported a form of credit card theft not specified in the indictment. "There is no evidence from which it can be found that the defendant initially received the [card] with knowledge that [it] had been stolen . . ." *Johnson v. State,* 122 Ga. App. 769, 770 (178 SE2d 772) (1970). Moreover, appellant does not contend that the evidence adduced at trial would have been

sufficient to convict appellant of the other modes of committing credit card theft as set forth in Code Ann. § 26-1705.2 (a) (1). Compare *Perkins v. State,* 151 Ga. App. 199 (2) (259 SE2d 193) overruled in part by *Chance v. State,* 154 Ga. App. 543 (3) (268 SE2d 737) (1979); *Robinson v. State,* 152 Ga. App. 296 (262 SE2d 577) (1979). Therefore, we conclude that it was not reversible error in the instant case to charge the Code section in its entirety, even though a portion thereof was not specifically pertinent to the allegations of the indictment and the evidence presented at trial.

3. Appellant also contends that the evidence of her participation in the crime charged was wholly circumstantial and insufficient to prove her guilt beyond a reasonable doubt. Citing *Denham v. State,* 144 Ga. App. 373 (241 SE2d 295) (1977), appellant urges that mere presence at the scene of a crime even coupled with flight from police officers is not sufficient to support a conviction. However, "it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." *Thornton v. State,* 119 Ga. 437, 439 (46 SE 640) (1903). Accord, *Jones v. State,* 242 Ga. 893 (252 SE2d 394) (1979); *Kimbro v. State,* 152 Ga. App. 893 (264 SE2d 327) (1980). The state's evidence showed that appellant and co-defendant Armstead were seen together in four different departments of Rich's. They were observed speaking with each other prior to Armstead purchasing the shoes. They were observed looking at slacks together and talking in the men's clothing department prior to Armstead's purchase of three pairs of slacks. Appellant picked up the white shopping bag Armstead had been carrying and walked hurriedly out of the department when the security guard approached Mr. Armstead. She drove the getaway car and took evasive measures in an attempt to elude the police. Viewed in their totality, these circumstances evince more than mere passive presence at the scene of the crime and subsequent flight. See *Lunsford v. State,* 145 Ga. App. 446 (243 SE2d 655) (1978).

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109. "However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt,

the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]" *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41) (1979). See also *Bogan v. State,* 158 Ga. App. 1 (279 SE2d 279) (1981).

After a review of the entire record in this case we are convinced that the verdict of the jury is indeed supportable as a matter of law. Considering the evidence in the light most favorable to the prosecution, we find that a rational trior of fact could reasonably have found from the evidence at trial proof of appellant's intentional complicity in crime of credit card theft beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brooks v. State,* 157 Ga. App. 220 (276 SE2d 890) (1981). It follows that the trial court did not err in denying appellant's motion for directed verdict of acquittal. *Harper v. State,* 152 Ga. App. 689 (3) (263 SE2d 547) (1979); *Kimbro v. State,* supra.

4. "Appellant's motion for new trial raised no arguments that were not raised on this appeal. For the reasons stated herein, the motion for new trial was properly overruled." *Peacock v. State,* 154 Ga. App. 201 (6) (267 SE2d 807) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 8, 1981.

Janet F. Perlman, for appellant.
Robert E. Wilson, District Attorney, Ann P. Mitchell, Assistant District Attorney, for appellee.