A99A0204. SCOTT v. THE STATE.
A99A0205. WILLIAMS v. THE STATE.
(518 SE2d 468)

McMURRAY, Presiding Judge.

Defendants Scott and Williams appeal their conviction of the offense of burglary. *Held*:

1. On the morning in question, Mrs. Lucia Reardon was at home with her visiting parents. Mr. Reardon had left for work. At approximately 8:00 a.m., the doorbell rang. Mrs. Reardon was not expecting anyone and went to look out a window to see who was at the door. She did not recognize the man, whom she identified at trial as defendant Williams, so she did not go to the door. After ringing the doorbell and knocking on the door, defendant Williams entered a car parked in the driveway, then got back out and began to walk around the house. Mrs. Reardon and her mother telephoned 911 to request

assistance and Mrs. Reardon armed herself with a B-B or pellet pistol before listening for any noise indicating an intrusion into the home. Shortly thereafter, she encountered defendant Williams coming up a stairway inside the home. Mrs. Reardon stuck the B-B or pellet pistol in defendant Williams' face and asked him if he wanted something. Defendant Williams retreated back down the stairway and Mrs. Reardon went to and out of the front door of the house where she saw defendant Williams, now accompanied by defendant Scott running to the car which they quickly drove away. Mrs. Reardon chased the vehicle on foot before returning to the house where she called 911 once more to report the break-in, and provide a description of the car along with a partial tag number. The fleeing defendants were spotted by police dispatched in response to the burglary report, and were stopped and seized. Afterwards, Mrs. Reardon discovered that a jewelry box in her downstairs bedroom had been disturbed and certain rings taken. Also, a sliding glass door on the lower level of the house was found to have been removed from its track and found nearby were abandoned tools, a screwdriver and a pair of pliers, which were unfamiliar to Mr. and Mrs. Reardon.

Defendant Scott maintains that the evidence was wholly circumstantial and insufficient to support his conviction since there was no evidence that he had knowledge that Williams intended to burglarize the home or that he had possession of anything taken from the home. The testimony of defendant Scott was that he and Williams frequently did yard work together, that they were seeking such work when they stopped at the Reardon home, that Williams was driving and chose to stop there, that Williams went to the door where he knocked and rang the door bell, then walked down the side of the house, and that Williams was gone only three or four minutes before he returned with Mrs. Reardon in pursuit. Defendant Scott argues that his presence at the scene of a crime and flight are not sufficient to support a conviction.

It has been held that mere presence at the scene of a crime or where criminal acts are committed, even when coupled with flight, is insufficient to authorize conviction. *Benjamin v. State*, 16 Ga. App. 376 (85 SE 349); *Burchfield v. State*, 40 Ga. App. 506 (150 SE 459). "Neither presence, nor flight, nor both together without more, is conclusive of guilt." *Griffin v. State*, 2 Ga. App. 534 (58 SE 781). Where there are only unexplained and suspicious circumstances, they are not sufficient to convict the defendant. *Rodgers v. State*, 213 Ga. 797, 803 (102 SE2d 10); *Mach v. State*, 109 Ga. App. 154, 161 (135 SE2d 467); *Hodges v. State*, 103 Ga. App. 284 (118 SE2d 858).

*Williams v. State*, 126 Ga. App. 350, 355 (190 SE2d 785). See also *Denham v. State*, 144 Ga. App. 373 (241 SE2d 295).

> However, "it has also been held that presence, companion-ship, and conduct before and after the offense are circum-stances from which one's participation in the criminal intent may be inferred." *Thornton v. State*, 119 Ga. 437, 439 (46 SE 640) (1903). Accord, *Jones v. State*, 242 Ga. 893 (252 SE2d 394) (1979); *Kimbro v. State*, 152 Ga. App. 893 (264 SE2d 327) (1980).

*Slack v. State*, 159 Ga. App. 185, 189 (3) (283 SE2d 64). Here, there is evidence that the defendants frequently did yard work together, had been together since earlier that morning and traveled a substantial distance to the Reardon residence, that while they were ostensibly seeking yard work they had no tools appropriate for that purpose with them but did apparently bring the burglary tools abandoned near the damaged sliding door in the rear of the house, that defend-ant Scott did not remain close by the car as he testified but was seen by Mrs. Reardon to be running back to the car from the side of the house, and that defendant Scott had given a false name when they were stopped by police.

We note that under OCGA § 16-2-20, the prosecution was not required to prove that defendant Scott was directly involved in the entry and theft from the home, but was subject to conviction as a party to the crime if he aided, abetted, advised, encouraged, or coun-seled his co-defendant Williams. Insofar as defendant Scott may have remained towards the front of the house, an inference would be authorized by that position that he was standing as a lookout while defendant Williams entered the home. *Kimbro v. State*, 152 Ga. App. 893, 894, supra. After a careful review of the entire record, we find that the evidence was sufficient to enable a rational trier of fact to have found defendant Scott guilty beyond a reasonable doubt of bur-glary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Kimbro v. State*, 152 Ga. App. 893, 894, supra.

2. Defendant Scott also contends that he received ineffective assistance from his trial counsel. This contention is based upon the trial counsel's decision to withdraw a request to charge criminal tres-pass as a lesser included offense without consulting with defendant Scott.

Trial counsel testified that his decision to withdraw the requested charge on criminal trespass was a strategic decision. Counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel. *Reynolds v. State*, 231 Ga. App. 33, 38 (6) (c) (497 SE2d 580); *Milliken v. State*, 230 Ga.

App. 810, 811, 812 (2) (b) (498 SE2d 127).

During the charge conference, trial counsel was called upon to identify which version of criminal trespass he contended was applicable. Trial counsel argued, based on defendant Scott's testimony that he had urinated while on the premises, that the jury could find that defendant Scott had entered upon the Reardon land for an unlawful purpose, in order to publicly urinate. See OCGA §§ 16-7-21 (b) (1) and 16-6-8. After some colloquy, between the trial court and trial counsel, during which several issues were raised and discussed concerning whether this position was supported by the evidence and whether trial counsel's credibility with the jury would be affected by arguing the position he had stated, trial counsel chose to withdraw the request to charge on criminal trespass. We find that trial counsel correctly characterized his choice as a strategic decision. *Reynolds v. State*, 231 Ga. App. 33, 38 (6) (c), supra; *Milliken v. State*, 230 Ga. App. 810, 811, 812 (2) (b), supra.

Furthermore, we find no evidence which would have required that a requested charge on criminal trespass be given, that is, which would support a finding that defendant Scott entered the Reardon premises for the purpose of publicly urinating. There has been no alternative theory advanced below or on appeal to support a request for a charge on criminal trespass.

Both defendants testified that they went to the Reardon home for the purpose of soliciting yard work. Defendant Williams went to the front door and knocked. Defendant Scott testified that he moved in the direction away from the house before he urinated nearby the side of the car and that there were trees all around. There was no evidence that he was observed or could reasonably be expected to be viewed by anyone at the place he urinated. Compare *Clark v. State*, 169 Ga. App. 535 (3), 536 (313 SE2d 748). Thus, there was no evidence of criminal trespass other than that which merged into the offense of burglary. *Stephens v. State*, 232 Ga. App. 738, 740 (4) (503 SE2d 643).

As no charge on criminal trespass would have been required, if requested, it follows that there could have been no adverse consequences as a result of trial counsel's failure to consult with defendant Scott on whether to retain the request to charge on criminal trespass. *Hill v. State*, 228 Ga. App. 362, 363 (1) (492 SE2d 5).

The well known two pronged test of allegations of ineffective assistance of counsel is provided by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). Since it appears that the allegations of defendant Scott fail with respect to both parts of the test, we conclude that this enumeration of error lacks merit.

3. In his first enumeration of error, defendant Williams contends that his trial counsel rendered ineffective assistance of counsel by

calling the jury's attention to his exercise of his right to remain silent. Appellate counsel, who is different from trial counsel, filed defendant Williams' motion for new trial, containing a general allegation of ineffective assistance of trial counsel, as well as an amended motion for new trial, containing a number of specific claims of ineffective assistance of trial counsel. Nonetheless, defendant Williams' motion for new trial as amended does not state the claim of ineffective assistance of trial counsel upon which this first enumeration of error is predicated. Nor was the issue now presented in defendant Williams' first enumeration of error to this Court raised at the hearing on the motion for new trial where defendant Williams was represented by a third attorney. This failure to raise the issue of ineffective assistance of trial counsel now argued to this Court at the earliest practicable moment requires that it be deemed to have been waived. *Spear v. State*, 270 Ga. 628, 631 (5) (513 SE2d 489); *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385).

4. The remaining enumeration of error submitted by defendant Williams challenges the denial of his motion for new trial. The argument in support of this enumeration of error by appellate counsel may be divided into two parts.

First, a portion of the argument submitted is in substance a criticism of the third attorney's handling of the motion for new trial hearing and seeks to argue issues or facts which were not raised or supported by evidence below. This portion of defendant's argument is directed to issues beyond the scope of the enumeration of error, which may not be expanded by the argument contained in the brief. *Mackey v. State*, 235 Ga. App. 209, 210 (1) (509 SE2d 68); *Duffey v. State*, 232 Ga. App. 693 (498 SE2d 816).

The remainder of defendant Williams' argument with regard to the denial of his motion for new trial is directed to one of the claims of ineffective assistance which was raised by the amended motion for new trial and concerning which evidence was presented at the hearing. The issues involve trial counsel's decision to forego any challenge to the validity of certain convictions which formed the predicate for the recidivist sentencing of defendant Williams. Of course, any challenge to the validity of convictions on which a recidivist sentence rests must be raised at sentencing. *Brenneman v. State*, 200 Ga. App. 111, 115 (6) (407 SE2d 93). The only relevant evidence is the testimony of trial counsel at the motion for new trial hearing that he had discussed these prior convictions with defendant Williams, who had acknowledged that the convictions under other names reflected aliases he had used and were in fact his prior convictions. Trial counsel testified that this was consistent with defendant Williams' criminal history obtained from "the GCIC" (apparently the Georgia Crime Information Center), that he had seen a photostatic copy of the con-

victions, and that defendant Williams did not want to launch a challenge of the convictions since it would only have delayed the proceedings. This evidence does not show any deficient performance on the part of his trial attorney and thus we need not address the second prong of the test provided in *Strickland v. Washington*, 466 U. S. 668, supra, before concluding that this claim of ineffective assistance of trial counsel lacks merit. See also *Anderson v. State*, 262 Ga. 331, 333 (5) (418 SE2d 39). The trial court did not err in denying defendant Williams' motion for new trial.

*Judgments affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 26, 1999 — CERT. APPLIED FOR.

*Parker & Day, Vallerina F. Day*, for appellant (case no. A99A0204).

*Lloyd J. Matthews*, for appellant (case no. A99A0205).

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.